## CHARITY JENNINGS *et al.*, Appellants, *v.* JOHN L. McCONNEL *et al.*, Appellees.

### APPEAL FROM MORGAN.

In matters of gift or contract between client and attorney, the greatest fairness is exacted, and the burthen of proof, as to the rectitude of the transaction, is on the latter; and upon failure to make proof, equity treats it as one of constructive fraud.

Where real estate is conveyed to an attorney, to save him harmless, as against his liability as bail, without an intention to sell, an actual sale by the attorney will not change the character of the proceeds; but these will descend to the heirs, and do not go to the administrator.

A court of equity has general powers over estates, administration, &c.

A BOND for costs was prefixed to the bill in this case, which was filed the 5th of October, 1854, stating that William A. Jennings was prosecuted for larceny in said county, in December, 1852, and was committed to jail because he could not give the bail required of him; that, while in custody, he applied to the appellees for professional advice and assistance; that they applied to the Supreme Court, on *habeas corpus*, and bail was reduced to $500, and that was all the service they rendered him, as far as the appellants know; that, in contemplation of said McConnel becoming his bail, and to indemnify him as such, said Jennings and his wife, (the complainant, said Charity,) by an absolute deed, for ostensible consideration of $500, conveyed in fee simple, to said McConnel, a tract of land worth from $700 to $1,000, and, about the same time, to secure to the appellees proper compensation for their professional services, placed in their hands effects worth from $200 to $300, and that the land and other effects were worth at least $1000; that the said Jennings, with said McConnel as bail, entered into recognizance, 11th of January, 1853, for Jennings' appearance at March term

Jennings et al. *v.* McConnel et al.

of Morgan Circuit Court, in penalty of $500, which was forfeited; that *scire facias* was issued on same and served on McConnel, 4th Aug., 1853, returnable to next October term of said court; that on 16th Aug., 1853, before he was damnified as bail, and without the knowledge and consent of said Jennings, McConnel and wife, at the sacrificing price of $500, cash in hand, sold and conveyed the land in fee simple to a purchaser, without notice ; that the said Jennings died at New Orleans, intestate, 21st Aug., 1853, without any other estate than that hereinbefore referred to, him surviving his widow and children, complainants, sole heirs and distributees of his estate ; that he owed no debts at the time of his death, and no administration had been granted on his estate, and that it was not likely that there would be, until the establishment of the rights of complainants, when the court could suggest to the County Court of Morgan, any trustworthy person to administer ; that McConnel, at the October term, 1853, of the Circuit Court of Morgan, pleaded, to the said *scire facias*, the death of said Jennings, and was discharged and exonerated of record from his recognizance ; that complainants, being in circumstances of abject poverty, had applied, through one of their solicitors, to McConnel, for a fair settlement and adjustment of premises, and that he refused any settlement ; that they were willing that just and liberal allowance should be made to the defendants for all that they were entitled to, and insist that the defendants, on principles of trust and fair account, ought to be holden to respond for any surplus in their hands, or in the hands of either of them, estimating the tract of land at its full and fair value.

The bill prayed that, on the hearing of the cause, the defendants should be decreed to pay into court whatever balance they, or either of them, justly and equitably might owe in the premises, to be disposed of, in due course of administration of the estate of the said William A. Jennings, deceased, or for such other and further relief as they may be entitled to.

English filed answer admitting and denying some of the allegations of the bill. McConnel filed motion to dismiss for want of proper security for costs, as also a demurrer. Cause was submitted at March term. At June term, 1855, motion to dismiss allowed, demurrer sustained and bill dismissed. WOODSON, Judge, presided.

Errors assigned — The sustaining of the demurrer and the dismissal of the bill.

SMITH and MORRISON, for Appellants.

M. McCONNEL, for Appellees.

SCATES, C. J.  The bill sets forth facts which give the Court of Chancery jurisdiction on two different grounds of subject matter.  In the relation of client and attorney or solicitor, there is that confidence reposed in the latter which gives rise to very strong influences over the actions, rights and interests of the former.  Hence the law, with a wise providence, not only watches over all the transactions of parties in this relation, but often interposes to declare transactions void, which, between other persons, would be good.  And this is applicable to contracts or gifts generally, while the confidential relation continues, and is not confined to particular property about which the attorney may have been employed.  It is not required that a client should establish fraud or imposition—the *onus* of proof—upon showing the relation when the contract or gift was made, is upon the attorney to show fairness, adequacy and equity; and upon failure to make proof, courts of equity treat the case as one of constructive fraud.  The highest degree of good faith and fairness is expected, and exacted.  Story Equ. Jurisp., Secs. 310 to 313 and notes, contains a general and correct summary of the law of this relation.  The demurrer here admits the employment, as attorney, the conveyance absolute in fact, but as a security of indemnification, and that the liability has been released without damage; and yet the property has been sold in violation of the object for which it was conveyed.  And now the attorney refuses any account.

Again: a second ground of equity jurisdiction is the general power of courts of equity in matters of administration, concurrent with the county courts in many respects, and to a larger extent in general, as embracing trusts, equitable assets, marshaling assets, and especially in matters regarding the realty, matters of discovery, fraud, and in the payment of legacies and distribution of the surplus.  Story Eq. Jurisp., Secs. 530 to 545.

County courts have ample powers to carry out the ordinary matters of administration and settlement, but will find none to reach the equitable features of trust in relation to the condition of this realty, nor of the equitable relation between the defendants and the intestate.  The parties in interest will find that relief to which they are entitled in a court of equity.

The allegations of this bill show that there was no intention of selling this land, or converting it into personalty, except upon a contingency, which has not happened; that was the necessity to save defendant, demurrant, harmless as bail.  The actual sale, contrary to that intention, will not change the character of the proceeds.  They will be regarded still as realty, and as such descend to the heirs, and do not go to the administrator, except upon petition and decree for payment of debts.  The heirs and

widow are therefore the proper persons to sue, and it needs no administration to reach this question.

The court will, upon taking jurisdiction of the transaction, investigate and decree upon the whole, embracing the personalty, and, if need be, subject it to a due course of administration. The suggestion that there are no debts and no other estate, might deserve the serious consideration of this court for its interference, were there no other ground for coming here instead of the county court for administrations. But the jurisdiction in this case does not depend upon the general powers of the court to overstep an administration, and we waive its discussion and determination. The defendant, demurrant, should have answered or pleaded to the merits.

There appears to be a full answer from the other defendant, English. But the cause seems to have been dismissed generally, on the demurrer or motion, for want of cost bond, without any determination or even investigation on the issue tendered by the bill and answer. Complainants were not allowed opportunity for issue and proofs.

The decree is therefore erroneous as to both; for issues should have been formed and tried, and, if warranted by the evidence, an account directed.

Decree will be reversed and cause remanded.

*Decree reversed.*