## Lizzie Faris v. Alrena Briscoe et al.

1. MORTGAGE—*Position of an Assignee.*—The assignee of a mortgage or deed of trust does not occupy the position of an assignee of commercial paper, but takes and holds such mortgage subject to all the equities that could have been urged against it in the hands of the original holders.

2. FRAUD—*Constructive—Attorney and Client.*—Where the relation of attorney and client exists between the parties to a note and mortgage, and fraud is charged, the burden of proof is upon the attorney to show fairness, adequacy and equity, and upon failure to make this proof, a court of equity will treat the case as one of constructive fraud.

3. ATTORNEYS—*Duty to Clients.*—An attorney who bargains in a matter of advantage to himself with a client is bound to show the transaction is fair and equitable; that he fully and faithfully discharged his duty to his client, without misrepresentation or concealment of the facts material to the client; that the client was fully informed of his rights and interest in the subject-matter of the transaction.

Bill to Foreclose a Mortgage.—Trial in the Circuit Court of Clark County; the Hon. HENRY VAN SELLAR, Judge, presiding. Bill dismissed for want of equity. Appeal by complainants. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

GRAHAM & TIBBS, attorneys for appellant.

GOLDEN, SCHOLFIELD & BOOTH, attorneys for appellees.

MR. PRESIDING JUSTICE GLENN delivered the opinion of the court.

This is a bill to foreclose a mortgage bearing date September 8, 1891, made by Alrena Briscoe to secure the payment of two promissory notes of even date therewith, made by her, and payable, one to James F. Hughes and the other to John M. Hays, for the sum of $600 each, and due one year after date.

These notes were indorsed to the appellant herein without recourse, and she files the bill.

The allegations in the bill are those that are usually contained in an ordinary bill of foreclosure. The defenses set up in the answers, that are insisted upon, are that the notes were obtained without consideration, and by the abuse of the confidential relation of attorney and client.

The case was heard by the chancellor in the court below upon the master's report of the evidence, and upon the hearing he dismissed the bill for want of equity, and an appeal was prosecuted to this court.

The appellant, although she may have purchased the notes and mortgage in good faith, and before maturity, stands in this proceeding in no better relation than if this suit was brought by the original holders.

The assignee of a mortgage or deed of trust does not occupy the position of an assignee of commercial paper, but takes and holds it subject to all the equities that could have been urged against it in the hands of the original holders. Shippen v. Whittier, 117 Ill. 282; Towner v. McClelland, 110 Ill. 542; McIntire v. Yates, 104 Ill. 491; U. S. Mortgage Co. v. Gross, 93 Ill. 483.

That the relation of attorney and client existed between the appellee and Hays at the time the notes and mortgage were made, is not controverted. The appellee being a client at that time, is not required to establish fraud or imposition in order to defeat them. This relation having been shown when the notes and mortgage were executed and delivered, the burden of proof rests upon the attorney to show fairness, adequacy and equity, and upon failure to

make this proof, a court of equity will treat the case as one of constructive fraud. Jennings v. McConnel, 17 Ill. 148; Morrison v. Smith, 130 Ill. 304; Payson v. Ross, 160 Ill. 349. In Morrison v. Smith, *supra*, the court quotes approvingly from " Weeks on Attorneys and Counsellors," p. 316, as follows :

" The attorney who bargains in a matter of advantage to himself with his client is bound to show the transaction is fair and equitable; that he fully and faithfully discharged his duty to his client, without misrepresentation or concealment of the facts material to the client; that the client was fully informed of his rights and interests in the subject-matter of the transaction, and the nature and effect of the contract sale or gift, and was so placed as to be able to deal with his attorney at arm's length."

There is testimony in the record showing that at the time these notes and mortgage were executed, the appellee was not living with her husband; that her husband had filed a bill for divorce against her, charging her with misconduct of the gravest character, and that she was in great distress of mind over her domestic affairs; that she was illiterate and enfeebled by the use of narcotics and disease, so that she was not able to fully understand the nature, scope and effect of the business she was transacting.

It is insisted by appellant that the transaction between Hays and appellee is fair, supported by an adequate consideration, and is equitable. Hays, in testifying in support of this contention as to consideration, says appellee employed the firm of Hughes & Hays, in August, 1891, to procure an injunction to prevent her husband from selling her stock and property, on her farm in Clark county; that she was not living with her husband at that time; that she employed them to go to the farm with her husband's attorney and secure a division of the hay and other things; to defend her in a suit for a divorce or to bring one (he had forgotten which); to bring proceedings by which a will made by her father, and under which there was a dispute as to the title of this land, to have the will construed and the dispute

Faris v. Briscoe.

decided; to get back a team of horses, wagon and other, stuff, a fellow by the name of Bousman had run off with; for these various services they were to receive $1,200. He says he prepared a bill for an injunction, and procured an order for a preliminary writ at Danville, of Judge Bookwalter; that in securing a division of the property he made two trips to the farm; that the partner, Hughes, looked up the law relating to the will, and made two trips to Marshall, thirty miles across the country. It appears from the record in this case, Hughes & Hays filed an answer for appellee in the case of Tilman Briscoe v. Alrena Briscoe, in the Circuit Court of Clark County, and also a cross-bill in the same case for appellee. The above are substantially all the services rendered by Hughes & Hays for appellee. To any one who has a knowledge of what is usually charged for like services, it is apparent that a fee of $1,200 is unfair and inequitable, and does not constitute an adequate consideration for the notes and mortgage given therefor. Appellee claims she paid them $40 or $50. Hays admits she paid them about $25. It appears from the evidence that Hughes sold the $600 note he received for $100, and Hays offered both the notes for $300 or $400; this tends to show they regarded the transaction as questionable. Hays says in his testimony that in his judgment the $1,200 notes and mortgage was a reasonable fee, taking into consideration what they were to do, and the distance they lived from where the work was to be done. He does not intimate that this is what was usually charged in that vicinity for like services. The burden rested upon the appellant to show fairness, adequacy and equity by competent evidence. This evidence of Hays is not sufficient. His is the only evidence on this point, and appellant having failed to show the value of the services of Hughes & Hays—for which the notes and mortgages given were the usual and customary charges for like services—by a preponderance of the evidence, she is not entitled to the relief for which she asks.

Believing that the appellant has failed to show fairness, adequacy and equity in this transaction, as required in such cases, the decree of the Circuit Court is affirmed.