Henry Glenn Ross, Plaintiff-Appellee, v. Sylvia C. Wells, Individually and as Administratrix of Estate of Martin E. Wells, Deceased, et al., Defendants-Appellants.

Gen. No. 46,602.

First District, Third Division.

June 22, 1955.

Released for publication July 15, 1955.

Williston, McGibbon, Stastny & Borman, of Chicago, for appellants; Joseph C. Stastny, of Chicago, of counsel.

Sonnenschein, Berkson, Lautmann, Levinson & Morse, of Chicago, for appellee; John J. Faissler, and C. Harker Rhodes, Jr., both of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

This appeal is from an order dismissing a petition filed by defendants for a rule to show cause against plaintiff why he should not be adjudged in contempt for his failure to obey an order theretofore entered, commanding him to produce certain books, records

and papers. The order contained a finding that plaintiff is not guilty of contempt for failure to comply.

Plaintiff filed a complaint in two counts for attorney's fees, alleging in Count I that defendant Sylvia Wells, individually and as administratrix and as managing trustee of certain trusts created by deceased, employed him to render certain services on her behalf, individually, as well as on behalf of the defendant trustees; that she, on her own behalf and on behalf of the other trustees, agreed to pay him $12,500 for said services rendered and to be rendered, and to repay him whatever disbursements would be made by him on their behalf; and that said services were rendered between August 13, 1949, and July 22, 1950, when he was discharged from further duty by defendant Sylvia Wells. The second count was substantially the same, except that it sought recovery upon a quantum meruit.

Defendants, desiring to take the discovery deposition of plaintiff under section 58 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 182; Jones Ill. Stats. Ann. 104.058] and Rule 19 of the Supreme Court, had a designated notary public issue a subpoena, calling for plaintiff's attendance to give his deposition on the day and hour named in the subpoena. The subpoena also commanded plaintiff to produce at the hearing, to be used as evidence, "certain instruments of writing, purporting to be all files, records, pleadings, contracts, documents, letters, copies of letters, memoranda, time records, and all other papers, pertaining to legal services rendered by the plaintiff for, or on behalf of, or at the request of, the defendants, or any or either of them, during the period commencing August 13, 1949 and ending July 22, 1950."

Plaintiff appeared before the notary in response to the subpoena, was sworn and testified, but when called upon to produce any of the records, papers and documents called for by the subpoena, he refused to do so on the ground that he had an attorney's lien, and to

306

be compelled to produce any such records for examination by defendants would destroy the benefit of his lien.

Thereafter, the notary filed a petition setting up the refusal of plaintiff to produce, as indicated, and asking for an order on plaintiff to produce the matters called for by the subpoena duces tecum. A hearing upon the petition resulted in an order directing plaintiff to appear before the notary on a date fixed by the order and produce the books, records and papers called for by the subpoena. Plaintiff refused to comply with the order entered. Whereupon, defendants filed their petition for a rule to show cause against plaintiff why he should not be adjudged in contempt for failure to comply with the order. Upon a hearing of this petition, the court dismissed the petition with a finding in the order that plaintiff is not guilty of contempt.

Plaintiff's contention upon this appeal is that a common law retaining lien upon the books, papers and records in his possession, relating to the services rendered, entitles him to refuse to produce for examination the records and documents called for by the subpoena; and that to compel him to do so would virtually destroy the benefit of the retaining lien. He relies on Wigmore on Evidence, 1940, 3rd Ed., Vol. 8, § 2211, p. 155, where the author states:

"Nevertheless, there is one situation in which with propriety the Court may here decline even to compel disclosure, namely, the case in which the litigant party seeking to compel it is the *person against whom the lien* of the witness runs. Here his right to use the document evidentially might, on the facts, practically annul the value of the lien, and there is no reason why this should be permitted him."

He also relies upon Davis v. Davis, C. C. Mass., 90 Fed. 791, and The Flush, 277 Fed. 25, to sustain his contention.

307

We do not think the authorities cited are applicable. They do not involve a suit brought by the attorney for services rendered. It is evident that in the cases cited he had a retaining lien on papers which they sought to compel him to produce and surrender in litigation other than a suit by him for fees.

No Illinois case has been cited, and our search has not disclosed one which determines the precise question presented here. There is logic in the rule that a lawyer should be protected in his retaining lien until he is paid, and should not be compelled to produce and surrender the records and papers upon which he has such lien in any proceeding other than a suit by the attorney to recover his fees. We think there is a clear distinction when he sues for his fees.

Under the complaint it would be necessary for him to prove the nature of the services rendered, the amount of time expended, and the result, if any, obtained for his client. His records and papers, which reflect the nature of the services rendered and the amount of time expended, would become very material in such a hearing. The rule in this State, established by Jennings v. McConnel, 17 Ill. 148; Goranson v. Solomonson, 304 Ill. App. 80; Robinson v. Sharp, 201 Ill. 86, and Warner v. Flack, 278 Ill. 303, is:

That when a client attacks as unconscionable a contract with his attorney, whether it be for the excessiveness of the attorney's fees or for any other unfairness between the client and attorney, the client is not required to establish fraud or imposition, but the burden of proof is upon the attorney to show that the contract was entered into fairly, that the client was fully advised on all the facts, their adequacy and equity; and that upon the attorney's failure to make such proof, equity treats the case as one of constructive fraud. This rule was held by this court not to be limited to transactions concerning the property involved in the

308

litigation, but applies to any dealings between attorney and client, including "contracts for fees and notes given therefor." Hamilton v. Grady, 314 Ill. App. 568 (Abst.), citing Ankrom v. Doss, 270 Ill. App. 464, and Faris v. Briscoe, 78 Ill. App. 242.

■ ■ Consistent with the duty a lawyer owes to make a full and complete disclosure of his transactions with his client, out of which arises his claim for fees, he should be willing, without the need for coercion, to produce the books and papers that directly bear upon such claim for fees. We feel it is of greater importance to the profession that a high level of professional duty be maintained, than to protect the retaining lien of a lawyer, as claimed in the instant case. This court in Comerford v. Loewenbein, 227 Ill. App. 321, 327, said:

" . . . the law watches with particular care all transactions had between an attorney and his client during the period of the existence of their relationship. The reason of the rule is that the parties cannot be considered as dealing on a basis of equality. Presumably, the attorney is learned in the law and appreciates all that may result from a given transaction with his client, while, on the other hand, the client is ignorant of the law and does not appreciate the full consequences of the transaction."

■ Plaintiff next contends that the subpoena duces tecum and the order compelling production, which followed the language of the subpoena, were entirely too broad; did not show the materiality of the books and papers sought to be produced; and were violative of his constitutional right against unreasonable search. We think there is no merit in this contention. The subpoena and the order calling for the production specifically limited it to books, papers and records "pertaining to legal services rendered by the plaintiff for, or on behalf of, or at the request of, the defendants, or any or either of them, during the period commenc-

ing August 13, 1949 and ending July 22, 1950." We think that both the subpoena and the order were sufficiently specific and showed their materiality to the issue tendered by plaintiff's complaint.

The court was in error in entering the order appealed from, and we are impelled to hold that plaintiff should be ruled to show cause why he should not be adjudged in contempt and given an opportunity to purge himself of the charge of contempt.

The order appealed from is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

Reversed and remanded with directions.

KILEY, P. J. and LEWE, J., concur.