Jambs S. Bbowist, J.
Plaintiff moves to substitute attorneys and to fix the amount of the superseded attorney’s lien. In the moving papers plaintiff asked that the court fix the reasonable value of the services rendered by the superseded attorney, prior to the delivery of all papers and pleadings to the substitute attorney. The superseded attorney asked for the same relief.
An agreement had apparently been reached prior hereto between the parties when the application for substitution originally came on to be heard before another Justice of this court, but differences arising between the attorneys as to the items of disbursements caused the agreement to be nullified. At that time it had been orally agreed that the superseded attorney would receive a charging lien equal to 15% of any recovery, plus actual disbursements incurred.
Presently, plaintiff seeks to change her position by requesting that the retiring attorney’s lien be fixed at a smaller percentage than 15% of the ultimate recovery. The superseded attorney insists that his service be fixed upon the basis of quantum meruit and requests a “ cash lien ” therefor.
The plaintiff, admittedly inpecunious, retained the superseded attorney upon a 50% contingency basis to bring suit to recover for serious personal injuries sustained by her on November 17, 1957, in a two-car collision. She retained the attorney four days after the accident.
Summonses and complaints have been served upon the three defendants. Upon joinder of issue, though two defendants had not served answers and were technically in default, a statement of readiness was served by plaintiff’s attorney and the action placed upon the Trial Calendar. A bill of particulars was *820 prepared and served. The attorney had arranged for and personally attended a physical examination of the plaintiff, which was conducted by defendant’s physician.
Plaintiff’s complaint against her former attorney is that the attorney never informed her of the status of the action nor of the names of the party defendants, and also that the attorney was evasive when she requested information from him.
From the foregoing facts and upon all the papers submitted herein, the court must conclude that the attorney is being discharged without just cause.
Consequently, the superseded attorney is entitled to have his fee for the reasonable value of the services rendered fixed on a quantum meruit basis, and he so requests (Brown v. Moffitt, 5 A D 2d 1002; Martucci v. Brooklyn Children’s Aid Soc., 284 N. Y. 408).
It is within the discretion of the court to defer payment thereof until the action has been concluded (Friedman v. Gordon, 260 App. Div. 1023, affd. 285 N. Y. 630).
There being no suggestion by either of the contesting parties that testimony be taken as to the reasonable value of the attorney’s services, it must be assumed that the parties are content to have the court make a determination upon the affidavits submitted (Eiferman v. City of New York, 276 App. Div. 919).
The superseded attorney claims that the plaintiff will recover $25,000 ultimately. It is at best simply a guess. The fact remains that no offer to settle has been made by the defendants despite the attorney’s fruitless attempts to obtain an offer.
In computing the value of an attorney’s services, due regard must be given to matters still undetermined, such as the preparation for trial, examinations of parties and witnesses, the trial itself, and the ultimate recovery.
The court must bear in mind that no conclusive result has yet been obtained for the plaintiff (Matter of Krooks, 257 N. Y. 329; Nolan v. Hemingway Bros. Interstate Trucking Co., 88 F. Supp. 111).
Giving due consideration to all of the facts herein involved, the court fixes the reasonable value of the. services rendered by the superseded attorney at $1,000, plus actual disbursements incurred, for which he shall have a charging lien. Let the proposed order contain an itemized list of the disbursements.
Motion for substitution of attorneys is granted in accordance herewith and the substituted attorney is directed to deliver all papers and pleadings pertaining to this action to the substitute attorney upon service of the order herein, with notice of entry.
Settle order on notice.