Catherine Pocius, Plaintiff and Counter-Defendant, Appellant, v. William T. Halvorsen, Defendant and Counter-Plaintiff, Appellee.

Gen. No. 48,833.

First District, Second Division.
February 21, 1963.

McCarthy, Witry, Lyon & McCarthy, of Chicago (Emmett McCarthy and Gregory J. Scheurich, of counsel), for appellant.

William T. Halvorsen, of Chicago, for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court:

This suit was brought in the Municipal Court of Chicago for the return of $7,000 paid to the defendant as attorney's fees pursuant to a contingent fee contract entered into between the plaintiff and the defendant. Plaintiff contended that since she ultimately recovered nothing in the previous suit in which she was represented by the defendant, the above mentioned fees, paid on account, should be refunded. The defendant filed a counterclaim in the amount of $4,021.65 for additional fees and costs. After a bench trial the court decided all relevant issues of law and fact in favor of the defendant and awarded him the additional sum of $4,021.65 on his counterclaim.

On January 19, 1955 the two parties to this action entered into the following contract:

"I hereby retain and employ William T. Halvorsen, as my attorney to perform such legal services as are necessary to my claim for the real estate and contents such as furniture and fixtures in the building located at 6024 South Sacramento Avenue, Chicago, Illinois against unknown heirs of Emil Ber, Deceased, or other interested claimants. It is understood that upon the signing of a Decree in the Superior or Circuit Court of Cook County, or recording of a Master's Deed said legal services are completed and I hereby agree to pay a sum equal to one-third of the reasonable value of the property or money contained in said Decree, less any sum already paid as attorney fees on account.

"I further agree to pay actual court costs and other necessary expenses, including additional attorney fees if necessary, in prosecuting this claim.

/s/ Catherine Pocius"

On May 25, 1955 the defendant filed suit in the Superior Court of Cook County on behalf of the plain-

163

tiff. On February 19, 1957 a decree was entered in favor of the plaintiff, by that court, and on February 28, 1957 a Master's Deed was issued and recorded. The suit was then appealed to the Supreme Court of Illinois by the heirs of Emil Ber, mentioned in the above-cited contract, and in May of 1958 the Supreme Court reversed without remanding and the plaintiff took nothing by her suit. Shortly thereafter she demanded a refund of the money paid to the defendant as attorney's fees for representing her in that suit on the theory that the contract in question was a contingent fee agreement and that since she did not prevail in that suit, her attorney was entitled only to the actual court costs and other necessary expenses mentioned in the last paragraph of the contract. The defendant refused to refund the money, claiming that his fee was contingent solely upon the awarding of a decree in favor of his client in the Superior or Circuit Court of Cook County or upon the recording of a Master's Deed in her favor and that since she prevailed in the trial court, he is entitled to his fees, regardless of the fact that the decree of the trial court was subsequently reversed by the Supreme Court of Illinois and she took nothing by her suit.

During the trial the plaintiff strongly urged the proposition that an agreement between an attorney and his client wherein the payment of attorney's fees is contingent solely on recovery in the lower court is a fraud on the client and contrary to public policy. Pursuant to this theory, her argument was to the effect that she was an ordinary layman not familiar with legal complexities and that in her layman's mind she believed that obtaining a decree in the Superior or Circuit Court of Cook County or the recording of a Master's Deed would mean that she had won her case, while the defendant, being an attorney, must have been aware of the possibility of an appeal, whereby she might ultimately recover nothing.

164

■ ■ The plaintiff has relied heavily upon the proposition of law relating to contracts between attorney and client which is set forth in the following language from Ross v. Wells, 6 Ill App2d 304, at pages 308 and 309, 127 NE2d 519:

> "The rule in this State, established by Jennings v. McConnel, 17 Ill 148; Goranson v. Solomonson, 304 Ill App 80; Robinson v. Sharp, 201 Ill 86 and Warner v. Flack, 278 Ill 303 is:
>
> " 'That when a client attacks as unconscionable a contract with his attorney, whether it be for the excessiveness of the attorney's fees or for any other unfairness between the client and attorney, the client is not required to establish fraud or imposition, but the burden of proof is upon the attorney to show that the contract was entered into fairly, that the client was fully advised on all the facts, their adequacy and equity; and that upon the attorney's failure to make such proof, equity treats the case as one of constructive fraud. The rule was held by this court not to be limited to transactions concerning the property involved in the litigation, but applies to any dealings between attorney and client, including contracts for fees and notes given therefor. Hamilton v. Grady, 314 Ill App 568 (Abst), citing Ankrom v. Doss, 270 Ill App 464, and Faris v. Briscoe, 78 Ill App 242.' "

Since plaintiff contends that defendant has not sustained the burden of proof, she argues that these cases are determinative of the issue in the case at bar.

While we have no quarrel with the above cited proposition of law, we feel that it is not applicable to the facts in the instant case. This is not a case in which a client is seeking relief from a bad bargain made with his attorney as a result of the trust which is inherent to the confidential attorney-client relationship.

165

The contract, in the instant case, was entered into before any confidential relationship came into existence.

The rule which is applicable to the case at bar was set forth in Elmore v. Johnson, 143 Ill 513 at page 525, 32 NE 413: "Before an attorney undertakes the business of the client, he may contract with reference to his services, because no confidential relation then exists and the parties deal with each other at arm's length." See also Miller v. Lloyd, 181 Ill App 230; Dickerman v. Jones, 328 Ill App 131, 65 NE2d 142. As expressed in Klein v. Chicago Title and Trust Co., 295 Ill App 208, 14 NE2d 852: "Although a lawyer is regarded as an officer of the court his fees are not fixed by statute and he is at full liberty to contract with those whom he represents in the matter of his fees or charges for professional services. The liability to pay for legal services stands upon precisely the same footing as other agreements."

In the case at bar, plaintiff and defendant contracted with reference to the remuneration of the latter at arm's length before a confidential relationship came into existence. Under these circumstances the burden of proving that the contract was free from fraud cannot be imposed upon the defendant and in support of her proposition that the contract was fraudulent, plaintiff has merely made a bare allegation concerning her own ignorance. However, we find this highly unpersuasive in view of the fact that plaintiff is a woman who is not without business acumen in that she managed the affairs of Mr. Ber while living and managed his property for a number of years after his death. Aside from this, she has been gainfully employed as a telephone operator with the Illinois Bell Telephone Company for more than twenty-five years. We feel that the evidence shows that she was fully competent to contract in this arm's length transaction with the defendant.

166

It is our opinion that the judgment should be affirmed.

Affirmed.

BURKE and FRIEND, JJ., concur.