WARD P. FISHER, Plaintiff-Counterdefendant-Appellee, *v.* GERALD A. SCHROEDER *et al.,* Defendants-Counterclaimants-Appellants.

(No. 55445;

First District—May 24, 1972.

Edward J. Kionka, of Belleville, (Norton and Kionka, of counsel,) for appellants.

Brandel, Olson, Johnson & Erickson, of Chicago, (Richard L. Swedberg, of counsel,) for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, Ward Fisher, brought an action to recover the balance of

attorney's fees allegedly due him under the terms of a retainer agreement between him and the defendants, Gerald and Clara Schroeder. Defendants counterclaimed for return of a partial payment which they made pursuant to the retainer agreement. The jury returned a verdict for the plaintiff both on his claim and on the counterclaim, upon which the court entered judgment. On appeal the defendants contend:

1. That the retainer agreement was unenforceable as unfair, unreasonable or unconscionable;

2. That plaintiff's abandonment or failure to perform the legal services required under the contract precluded his maintaining an action to enforce it; and

3. That plaintiff's attempts to characterize defendants as litigious were prejudicial.

Defendants called on the plaintiff in May, 1968, and asked the plaintiff to represent them in five pending lawsuits. Plaintiff reviewed the litigation for $500.00 before deciding whether or not he would represent the defendants.

A retainer agreement was drawn up and the defendants read and signed it on June 5, 1968. The agreement stated in part "that the attorney will be under difficult handicaps due to the previous control of the litigation for the clients at various times by three different law firms, that there is difficulty in obtaining the files from previous counsel." The agreement also stated that the chances for success in the litigation were remote and that plaintiff would follow defendants' instructions within the bounds of professional propriety. Finally, the agreement provided for a fee of $10,000 for up to 135 hours of work. Defendants had paid plaintiff $2,500. Plaintiff accounted for over 133 hours spent on defendants' cases. Plaintiff testified that defendants did not cooperate with him in carrying on the litigation.

On July 13, 1968, plaintiff sent an 11 page letter to the defendants which contained a complete analysis of all of the litigation and advice for each case. Defendants did not like plaintiff's advice and did not make the payments on the retainer agreement as they became due. Plaintiff notified defendants of his withdrawal as their attorney in October 1968.

The defendants' first contention was that the retainer agreement was unenforceable as unfair, unreasonable or unconscionable. Defendants cited *Pocius v. Halvorsen*, 30 Ill.2d 73, 195 N.E.2d 137 and *Bounougias v. Peters*, 49 Ill.App.2d 138, 198 N.E.2d 142, which do not apply to the instant case because they deal with contingent fee contracts. Defendants also cited *Ross v. Wells*, 6 Ill.App.2d 304, 127 N.E.2d 519, which stated that the burden is on the attorney to show that the contract between the attorney and client was fair.

██ Plaintiff met his burden of proof by establishing the existence of the express retainer agreement, by showing the reasonableness and fairness of his fee and by proving the performance of legal services. Whether the retainer agreement was unfair was a question of fact for the jury to decide. After reviewing the record we find that the jury's verdict was not contrary to the manifest weight of the evidence.

The defendants' second contention was that plaintiff's abandonment or failure to perform the legal services required under the contract precluded his maintaining an action to enforce it.

Plaintiff testified as to the work he performed for the defendants and accounted for over 133 hours spent on the five cases. The 11 page letter analyzed the five cases and gave sound legal advice. Defendants disagreed with the plaintiff and refused to cooperate with him. Defendants owed plaintiff $7,500 and refused to pay. Defendants were given over two months notice of plaintiff's intention to withdraw.

██ Whether the plaintiff performed the legal services required under the contract was a question of fact for the jury to decide. The jury heard the testimony and weighed the evidence in reaching their verdict. We find that the jury's verdict was not contrary to the manifest weight of the evidence.

██ The defendant's third contention was that plaintiff's attempts to characterize them as litigious were prejudicial. This alleged error was waived because defendants failed to object to plaintiff's characterizations during the trial.

For the reasons given, the judgment of the Circuit Court of Cook County is hereby affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.