363 So.2d 1117 (1978)
Richard Karl GOETHEL and Benjamin Sardinas, Appellants,
v.
FIRST PROPERTIES INTERNATIONAL, LTD., a Swiss Corporation, Trader's Cove Communities No. One Corp., a Florida Corporation, Trader's Cove Communities Unit No. Two Corp., a Florida Corporation, Trader's Cove Communities Unit No. Three Corp., a Florida Corporation, Trader's Cove Communities Unit No. Four Corp., a Florida Corporation, West Volusia Holding Company, a Florida Corporation, and Willow Run Farm, Inc., a Florida Corporation, Appellees.
Nos. 77-2300 to 77-2303.
District Court of Appeal of Florida, Third District.
October 10, 1978.
*1118 Goethel & Garcia Vidal and Richard Karl Goethel, Coral Gables, for appellants.
*1119 Smith & Bennett and Carlton F. Bennett, Orlando, for appellees.
Before PEARSON, BARKDULL and KEHOE, JJ.
PER CURIAM.
The plaintiffs, Richard Karl Goethel and Benjamin Sardinas, have brought four appeals from several interlocutory orders in a proceeding in an action brought against defendants First Properties International, Ltd.; Trader's Cove Communities No. One Corp.; Trader's Cove Communities Unit No. Two Corp.; Trader's Cove Communities Unit No. Three Corp.; Trader's Cove Communities Unit No. Four Corp.; West Volusia Holding Company; and Willow Run Farm, Inc. The appeals have been consolidated for all appellate purposes. They are as follows:
Case No. 77-2300  An appeal from an order holding the plaintiffs in contempt of court for their failure to abide by a previous order of the trial court directing the return of a certain promissory note to the defendants.
Case No. 77-2301  An appeal from an order denying plaintiffs' motion to stay and motion to set supersedeas bond entered by the trial court on October 31, 1977.
Case No. 77-2302  An appeal from an order granting defendants' motion to set aside final judgment and defaults.
Case No. 77-2303  An appeal from an order granting the defendants emergency relief entered by the trial court on the fourteenth day of October, 1977. (This order granted to the defendants relief including the return by the plaintiffs to the defendants of a note. The failure to return the note resulted in the order for contempt appealed in case number 77-2300, above.)
The appeal from the order granting the motion to set aside final judgment and defaults (Case No. 77-2302) must be considered first because its validity is essential to the validity of all the other orders to be considered.
A short chronology of the events leading up to the setting aside of the defaults is necessary for further discussion of the case. The plaintiffs filed a complaint for damages against the defendant corporations claiming a right to recover for services performed by an attorney and certified public accountant. The plaintiffs attempted to secure service against Trader's Cove Communities No. One Corp., Trader's Cove Communities Unit No. Two Corp., Trader's Cove Communities Unit No. Three Corp., Trader's Cove Communities Unit No. Four Corp., West Volusia Holding Company and Willow Run Farm, Inc., by service on Robert A. Little, "as a former Director/Trustee." This service, pursuant to Section 48.101, Florida Statutes (1977), was made on January 28, 1977, and process was served on him as a member of the last board of directors of said corporations. A notice of appearance was filed by counsel for Little on February 24, 1977. On March 2, 1977, the attorney for Little filed an answer and served a copy on appellant Goethel who was attorney of record for the plaintiffs. On March 4th, the plaintiffs made a motion for entry of defaults and final judgment and, upon examination of the court file, the trial court entered the defaults and a final judgment based upon affidavits. It appears that the answer filed on behalf of Little was not in the court file at the time of the entry of the default, although it had previously been stamped as filed by the clerk of the court.
Acting upon the final judgment entered after the entry of default by the court, the plaintiffs proceeded to enforce their judgment and executed upon personal properties belonging to the defendant corporations on May 17, 1977. Thereafter, several motions for relief from default judgment were filed on behalf of the defendant corporations. Extensive hearings were had, at the conclusion of which the trial judge entered his order granting the second amended motion to set aside final judgment and defaults. The court found that the judgments were void in their entirety and, pursuant thereto, vacated the writs issued for the enforcement of the judgments.
*1120 The principal question presented is whether the trial judge abused his discretion in setting aside the final judgments when, as claimed by the appellants, the motions to set aside the judgments were not made within a reasonable time after their entry and because no meritorious defense was tendered. An examination of the record, which is presented to us but which does not contain a transcript of all the hearings,[1] convinces us that the appellants have not met their burden of showing an abuse of discretion. Especially important in this determination is the fact that the record contains evidence that Attorney Goethel knew, or should have known, that there was no communication between Little, who was served as a surviving director, and Adam Phillips, who was the sole stockholder and real party in interest in the corporations sued. Second, it should be pointed out that the Florida Rules of Civil Procedure provide that a defendant may plead at any time up to the entry of the default. See Fla.R. Civ.P. 1.500(c). The record clearly shows the filing of an answer prior to a default. This fact alone constituted a basis for the setting aside of the defaults and the final judgments entered pursuant thereto. Appellants' contentions that the appellees should be denied their day in court because of their failure to move within a reasonable time is simply not born out by the record inasmuch as it appears that the motions to set aside the defaults were made shortly after the discovery of the true situation. The answer filed by Little, although not a real party in interest, was sufficient to preclude the entry of a default and sufficient to meet the contention that a party moving for relief from default must show a meritorious defense. See Travelers Insurance Company v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977).
We, therefore, conclude that based upon the principal appeal, the order of the trial court setting aside the defaults, and the final judgments entered pursuant thereto, are affirmed. See Country Clubs of Sarasota, Ltd. v. Zaun Equipment, Inc., 350 So.2d 539, 543 (Fla. 1st DCA 1977); and Gordon v. Vaughan, 193 So.2d 474 (Fla. 3d DCA 1967).
In Case No. 77-2301, an appeal from an order denying appellants' motion to stay and motion to set supersedeas bond entered by the trial court, we find no abuse of discretion. See Sexton v. Panning Lumber Company, 260 So.2d 898, 903 (Fla. 4th DCA 1972).
The appeal in Case No. 77-2303, from an order of the trial court granting the appellees' emergency relief, is affirmed upon authority of the general rule that the trial court has control of its own proceedings and, upon a finding of clear error, may withhold such proceedings pending action to correct the error. See F. & B. Ceco, Inc. of Florida v. Galaxy Studios, Inc., 216 So.2d 75 (Fla. 3d DCA 1968); and Bowen v. Manuel, 144 So.2d 341 (Fla. 2d DCA 1962).
The appellant Goethel served as corporate counsel and as an officer and director of the dissolved corporations. The appellant, Sardinas, was an accountant for the corporations. They contend that it was reversible error for the court to enter its order granting emergency relief providing that the defendant corporations might, by posting a cash bond, require the return to the corporations of their books, records and personal property held by the two appellants. The appellants' briefs maintain that this order subverted their rights as an attorney and a certified public accountant to a retaining and charging lien over personal property belonging to the corporations and coming into the hands of the appellants in their respective capacities. See Herold v. Hunt, 327 So.2d 240 (Fla. 4th DCA 1976). We think it is established that an attorney's retaining lien and an accountant's right to retain certain property under Section 473.191, Florida Statutes (1977), cannot be applied to deprive a dissolved corporation of the means of defending the claims of a former attorney and a former accountant *1121 against the corporation's assets. In the case at hand, the trial court made specific findings of fact that the appellants were adequately secured by the bond provided and that the personal property ordered to be returned was necessary to the defense of the cause. Cf. the various cases at annot. 3 A.L.R.2d 148 (1949). It must be recognized that the claims of lien of the attorney and accountant were equitable in nature. See Nichols v. Kroelinger, 46 So.2d 722 (Fla. 1950). They cannot be used as a sword to force an inequitable situation. Therefore, we hold that the trial court was not in error in allowing the substitution of cash deposited in the registry of the court for the property upon which the plaintiffs claimed a lien. Cf. the principles of law in Sorin v. Shahmoon Industries, Inc., 20 Misc.2d 149, 191 N.Y.S.2d 14, 23 (1959); and Maysonett v. H.J. Butler Bros., Inc., 205 Misc. 430, 132 N.Y.S.2d 124 (1954).
The appeal in Case No. 77-2300, from an order holding the plaintiff (Goethel) in contempt of court for his failure to abide by a previous order of the trial court which directed the return of a certain promissory note to the defendants, is moot inasmuch as it appears that Goethel has delivered the note and has been discharged from contempt. Upon the affirmance of the order for the return of the note, the appeal of the order holding the plaintiff in contempt is of no further importance in the ultimate determination of this cause. Thereupon, these consolidated appeals are affirmed.
Affirmed.
NOTES
[1] Missing from the record are transcripts of the hearings held on July 29, 1977; September 15, 1977; October 21, 1977; October 26, 1977 (5 p.m. hearing); and October 27, 1977.