676 P.2d 1201 (1984)
Joseph P. JENKINS and Joseph P. Jenkins, P.C., Petitioners,
v.
DISTRICT COURT In and For the EIGHTH JUDICIAL DISTRICT, and Arnaud Newton, Judge thereof, Respondents.
No. 83SA88.
Supreme Court of Colorado, En Banc.
February 27, 1984.
*1202 Joseph P. Jenkins, Joseph S. Payne, Estes Park, for petitioners.
No appearance for District Court and Judge Arnaud Newton.
Chilson & Stanton, P.C., Laurence A. Stanton, Loveland, for plaintiff D.D. Shanks.
ROVIRA, Justice.
*1203 The petitioner, Joseph P. Jenkins,[1] brought this original proceeding for relief in the nature of prohibition pursuant to C.A.R. 21, contending that the respondent's order requiring him to produce certain documents is in violation of section 12-5-120, C.R.S.1973 (1978 Repl.Vol. 5). We issued a rule to show cause and now discharge the rule.

I.
The facts in this case are, for the most part, not in dispute and can be concisely stated. The petitioner is an attorney who, over a period of years, represented a businessman, D.D. Shanks. In a lawsuit in which Shanks, represented by petitioner, sued Ford Motor Credit Corp. (Ford), the trial court dismissed the case with prejudice because the petitioner had failed to comply with certain rulings of the court. An appeal was taken to the Colorado Court of Appeals where the dismissal was affirmed.
As a result of that litigation, Shanks obtained new counsel and sued petitioner. He claimed petitioner's negligence caused the dismissal of the lawsuit against Ford and sought compensatory and exemplary damages.
Petitioner filed an answer denying negligence. He also filed a counterclaim seeking $1,500 for attorney's fees and expenses which he alleged were owed by Shanks for legal services rendered in matters other than the Ford litigation.
At the request of Shanks, petitioner voluntarily turned over to Shanks' new counsel a copy of the Shanks v. Ford file, and two other files pertaining to the Ford litigation.
Subsequently, Shanks served on petitioner a request for production of documents. The documents requested were nineteen files in petitioner's possession relating to legal work he had handled for Shanks.[2] Petitioner refused to produce the files, claiming that he had not been paid for his legal services and therefore he had an attorney's retaining lien on the files. Shanks filed a motion to compel discovery pursuant to C.R.C.P. 34.
At a hearing on the motion, petitioner argued that since he had an attorney's retaining lien for unpaid fees and expenses, he was not required to produce the files until he was paid in full. Shanks claimed that the nineteen files were material to the issue raised by petitioner in his counterclaim for unpaid fees and expenses and therefore he should have the opportunity to review those files in preparation for trial. C.R.C.P. 26(b)(1). The trial court, without stating any reason, ordered the petitioner to produce the files within three weeks.

II.
The sole question presented for decision is whether the respondent abused his discretion or exceeded his jurisdiction in ordering the production of the files.
Petitioner relies on section 12-5-120, C.R.S.1973 (1978 Repl.Vol. 5) to support his position. That section provides in pertinent part: "An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment...."
In Collins v. Thuringer, 92 Colo. 433, 21 P.2d 709 (1933), we recognized two classes of attorney's liens: a general, retaining or possessory lien, and a special, particular or charging lien. The former attaches to all books, papers, securities and money coming into an attorney's possession in the course *1204 of his professional employment. Generally speaking, an "attorney has a right to retain them in his possession until the general balance due him for legal services is paid, whether such services grew out of the special matters then in his hands, or other legal matters." Id. at 437, 21 P.2d at 710.
There is little doubt that an attorney who withdraws from a case for justifiable reason, or is terminated by his client without cause, may recover compensation for his services. In such situations the attorney has the right to a retaining lien upon the books, papers, securities, and money of his client in his possession. In the most common type of situation, the client seeks to recover his papers and the attorney refuses to deliver them until he has been paid for services rendered. In such cases a number of jurisdictions have approved orders to relinquish the property, conditioned on the client paying the asserted claim or furnishing adequate security.[3]Upgrade Corp. v. Michigan Carton Co., 87 Ill.App.3d 662, 43 Ill.Dec. 159, 410 N.E.2d 159 (1980); Morse v. Eighth Judicial District Court, 65 Nev. 275, 195 P.2d 199 (1948); Steiner v. Stein, 141 N.J.Eq. 478, 58 A.2d 102 (1948).
In the case at bar, Shanks is not suing petitioner to recover his papers. Rather, petitioner is seeking in his counterclaim to recover fees and expenses allegedly owed him by Shanks. Under these circumstances, we believe that an attorney forfeits his right to exclusive possession of his client's papers relevant to the fee dispute, and can be required to produce them for inspection pursuant to C.R.C.P. 26(b)(1).
Ross v. Wells, 6 Ill.App.2d 304, 127 N.E.2d 519 (1955) supports our view. In Ross, a lawyer brought suit against his former clients to recover attorney's fees. A subpoena duces tecum called for the plaintiff-attorney to produce all papers relating to his legal services on behalf of the defendants during the time in question. The plaintiff-attorney refused, claiming that producing the papers would destroy the benefit of his retaining lien.
The court, in upholding the subpoena, acknowledged the logic in the rule that a lawyer's retaining lien should be protected until he is paid and he should not be compelled to produce the papers upon which he has such a lien. However, the court limited the application of the rule to proceedings other than a suit by the attorney to recover his fees. In such cases, the attorney must prove the nature of the services rendered, the amount of time expended, and the result, if any, obtained for his client.[4] Therefore, papers which reflect the nature of the services rendered and the amount of time expended become very material. We agree with this reasoning. Often, such papers may form the factual core of the suit. Discovery of material that may provide the client with pivotal arguments on the merits should not be unduly hampered.
The Ross court also reasoned that presumably, in relation to his client, an attorney has superior knowledge of a transaction's legal ramifications. Therefore, a lawyer who is suing for attorney's fees must show that the contract was entered into fairly and that the client was *1205 fully advised of all apposite facts.[5] Consistent with his duty to make a full and complete disclosure regarding such a transaction, a lawyer should produce the papers that directly bear upon his claims for fees. "[I]t is of greater importance to the profession that a high level of professional duty be maintained, than to protect the retaining lien of a lawyer...."[6]Id., 6 Ill.App.2d at 309, 127 N.E.2d at 521.
The policies favoring discovery lend additional support to the trial court's decision here. Shanks is seeking to obtain the files in question through discovery procedures. The petitioner-attorney argues that Shanks is not entitled to discovery of the files because of the retaining lien. However, "[t]he range of discovery is quite broad and discovery rules are to be liberally interpreted in order to effectuate the full extent of their truth-seeking purpose." Phillips v. District Court, 194 Colo. 455, 573 P.2d 553 (1978). Moreover, "in close cases, the balance must be struck in favor of allowing discovery." Cameron v. District Court, 193 Colo. 286, 565 P.2d 925 (1977). Here, petitioner's interest in his retaining lien is outweighed by other interests.
When a lawyer has chosen to seek judicial aid in collecting his fees and obtains a judgment, he can assert the full range of a judgment creditor's remedies. Under these circumstances, the need for a retaining lien pales in comparison with the highly material nature of the subject of the lien, the implications of a lawyer's duties toward his client, and the importance of promoting the truth-seeking functions of discovery rules.
We conclude that respondent neither abused his discretion nor exceeded his jurisdiction by ordering production of the files in question.
The rule is discharged.
NOTES
[1] The petitioner brought this action in his own name and as Joseph P. Jenkins, P.C. In this opinion, we will treat both entities as one and the same.
[2] Petitioner claims that the files at issue include materials pertaining to a traffic violation case, social security matters, a foreclosure proceeding, corporation files, real estate matters, wills, and bank accounts.
[3] Exceptions have been recognized in the following cases: when the papers are essential to defense of a criminal charge, Hauptmann v. Fawcett, 243 A.D. 613, 276 N.Y.S. 523, modified, 243 A.D. 616, 277 N.Y.S. 631 (App.Div.1935); misconduct by the attorney, MacFarlane v. Harthun, 195 Colo. 38, 581 P.2d 716 (1978); client unable to pay or post bond, Hernandez v. Nierenberg, 15 Misc.2d 818, 179 N.Y.S.2d 322 (Sup. Ct.1958).
[4] Colorado has similar requirements. In such a suit, an attorney must show that the services to be performed under the agreement with his client "were reasonably worth the amount stated in the agreement." Bryant v. Hand, 158 Colo. 56, 61, 404 P.2d 521, 523 (1965); Rupp v. Cool, 147 Colo. 18, 22, 362 P.2d 396, 398 (1961).
[5] Colorado has established a similar rule. A lawyer who sues to recover attorney's fees must show, inter alia, the fee agreement was fairly and openly made, and that he gave the client full knowledge of the facts and of his legal rights. Bryant, 158 Colo. at 61, 404 P.2d at 523 (1965); Rupp, 147 Colo. at 22, 362 P.2d at 398 (1961).
[6] See also Intaglio Service Corp. v. J.L. Williams & Co., 112 Ill.App.3d 824, 68 Ill.Dec. 347, 445 N.E.2d 1200, 1205 (1983) ("Except in the action for attorney's fees ... the attorney has a right to his retaining lien until his fee is paid or a proper and sufficient security is given.") (emphasis added). See also C.R.C.P. Chapters 18-20, Appendix (Code of Professional Responsibility, Canon 9: "A Lawyer Should Avoid Even the Appearance of Professional Impropriety."). See also Note, Attorney's Retaining Lien Over Former Client's Papers, 65 Colum.L.Rev. 301, 303 (1965) ("[a] client may avoid the lien to defend himself against a suit for nonpayment of attorney's fees....").