807 So.2d 202 (2002)
Michael J. FINGAR, P.A., a Florida professional association, Petitioner,
v.
BRAUN AND MAY REALTY, INC., a Florida corporation, and David F. Braun, Respondents.
No. 4D01-3642.
District Court of Appeal of Florida, Fourth District.
February 20, 2002.
Michael J. Fingar of Michael J. Fingar, P.A., Hallandale, for petitioner.
Harris K. Solomon and Jonathan M. Streisfeld of Brinkley, McNerney, Morgan, Solomon & Tatum, LLP, Fort Lauderdale, for respondents.
WARNER, J.
This petition for writ of certiorari presents the issue of whether an attorney who sues to collect a fee from a client may successfully assert a retaining lien to prevent the client/defendant from seeking discovery *203 of the files on which the fee is claimed in a lawsuit, where the client claims that the fee is excessive and also claims that the attorney committed malpractice as an affirmative defense to the payment of the fee. We hold that the retaining lien may not be used to shield discovery of the files.
Attorney Michael Fingar, petitioner, represented respondent, David Braun, in connection with certain litigation. Although Braun and May Realty, Inc. was not a party to the litigation, it signed the fee agreement. A final judgment adverse to Braun was entered, and appeal of that judgment is presently pending in this court. Fingar then sued Braun for unpaid fees in connection with the litigation. Braun answered and, as affirmative defenses, alleged that Fingar abandoned work on the litigation, negligently performed the work (entitling him to a setoff for the damage created), and charged excessive fees.
In the course of the fee litigation, the defendants/respondents filed a request for production of Fingar's entire file regarding the underlying litigation on which the fees were claimed. Fingar objected, claiming a retaining lien with respect to the file, and maintained that he was obligated to turn over only the documents which supported his claim. Upon motion to compel production, the trial court overruled the objections and ordered the file's production. Fingar petitions this court for a writ of certiorari quashing that order.
We explained an attorney's retaining lien in Andrew Hall & Associates v. Ghanem, 679 So.2d 60, 61-62 (Fla. 4th DCA 1996):
An attorney's retaining lien on a client's papers and files is a possessory lien that the attorney holds until the fee has been paid or until adequate security for payment has been posted. Wintter v. Fabber, 618 So.2d 375 (Fla. 4th DCA 1993). Derived from the common law, the existence of the lien does not depend on any agreement between the lawyer and the client. The Flush, 277 F. 25, 29 (2d Cir.1921) (retaining lien "established on general principles of justice"), cert. denied, 257 U.S. 657, 42 S.Ct. 184, 66 L.Ed. 421 (1922).... A retaining lien is a passive one; it cannot be enforced through foreclosure and rests wholly upon the right to retain possession until the bill is paid. Wintter, 618 So.2d at 376.
Generally, courts have refused to dilute the purpose of the lien by compelling the attorney to deliver the file to the client before the fee is paid. See Andrew Hall, 679 So.2d at 62; Rutherford, Mulhall & Wargo, P.A. v. Antidormi, 695 So.2d 1300, 1301 (Fla. 4th DCA 1997); Wintter v. Fabber, 618 So.2d 375, 376-77 (Fla. 4th DCA 1993). The value of the retaining lien lies "in proportion as denial of access [to files] causes inconvenience to the client." Wintter, 618 So.2d at 377 (quoting Pomerantz v. Schandler, 704 F.2d 681, 683 (2d Cir. 1983)). Where the client needs access to those files in order to complete pending litigation, the attorney will either be paid the fees owed, or in cases where the fee is disputed, the court can order that security be given to secure the fee, so that the litigation can continue without impairing the value of the attorney's lien rights.
No Florida case has considered whether the above stated rule should apply when an attorney abandons the passivity of the retaining lien and actually files suit against the client for the fees due. This issue was considered in Jenkins v. District Court In & For Eighth Judicial District, 676 P.2d 1201 (Colo.1984), in which a client sued his lawyer for malpractice. The lawyer answered and filed a counterclaim for his unpaid fees. The client served the lawyer *204 with a request to produce the files in the lawyer's possession for discovery. Over the lawyer's objection that he had a retaining lien, the trial court required him to produce the files. On petition to the Colorado Supreme Court, the court, following Ross v. Wells, 6 Ill.App.2d 304, 127 N.E.2d 519 (1955), determined that where the lawyer sued the client for the unpaid fees, the client was entitled to the production of the files through discovery, despite the general rule providing for the retaining lien. See Jenkins, 676 P.2d at 1204-05. The court explained:
When a lawyer has chosen to seek judicial aid in collecting his fees and obtains a judgment, he can assert the full range of a judgment creditor's remedies. Under these circumstances, the need for a retaining lien pales in comparison with the highly material nature of the subject of the lien, the implications of a lawyer's duties toward his client, and the importance of promoting the truth-seeking functions of discovery rules.
Id. at 1205; accord Lucky-Goldstar Int'l (Am.), Inc. v. Int'l Mfg. Sales Co., 636 F.Supp. 1059, 1061 n. 2 (N.D.Ill.1986); Intaglio Serv. Corp. v. J.L. Williams & Co., 112 Ill.App.3d 824, 68 Ill.Dec. 347, 445 N.E.2d 1200, 1205 (1983).
Florida has the same broad discovery rules. Certainly, where the attorney files suit to recover fees for services rendered, the objecting client needs to examine the work done by the lawyer to determine the reasonableness of the fees. In order to prove that fee, the attorney will undoubtedly be required to have another attorney review his file and opine as to the reasonableness of the fee. By preventing the client/defendant that same access, what the attorney seeks is to completely eviscerate any possibility that the client could effectively contest that testimony. As was recognized in Goethel v. First Properties International, Ltd., 363 So.2d 1117, 1121 (Fla. 3d DCA 1978), the retaining lien is equitable in nature and "cannot be used as a sword to force an inequitable situation."
For these reasons, we deny the writ.
SHAHOOD and GROSS, JJ., concur.