## No. 14,627.

### MIDWEST MUTUAL, INC. *v*. HEALD.
(108 P. [2d] 535)

Decided July 17, 1940.   Rehearing denied October 7, 1940.

Mr. L. BERNARD DAVIS, Mr. HARRY S. CLASS on petition for rehearing, for plaintiff in error.

Mr. WALTER F. SCHERER, Mr. E. CLIFFORD HEALD, for defendant in error.

*In Department.*

MR. JUSTICE FRANCIS E. BOUCK delivered the opinion of the court.

IN the Denver district court the defendant in error Heald as plaintiff recovered a judgment against the plaintiff in error Midwest Mutual, Inc., a Colorado corporation, defendant below, on a written contract* of

---

*The contract, formal parts being omitted, is as follows:

"That said first party [Midwest Mutual, Inc.] hereby retains and employs said second party [Heald] to act as attorney for, and to render all legal advice to said corporation, and to represent it in all matters which may be pending in any of the courts of the City and County of Denver, State of Colorado, brought by or against said corporation during the continuance of this agreement, and to examine all abstracts of title, prepare all contracts, and render all and singular all such legal services as said corporation, or any of its officers or directors acting officially may require. This contract shall be in full force and effect for the period beginning October 15, 1937, and ending October 15, 1938.

"For the above services, the said corporation hereby agrees to pay said second party, the sum of One Hundred ($100.00) Dollars per month, payable monthly in advance, on the first day of each calendar month, in cash, or, in the full paid investment shares of the said corporation, at the par value thereof, at the election of said corporation, and said corporation further agrees to pay upon request whatsoever reasonable and necessary expenses said attorney may pay out or incur in .behalf of said corporation in the premises or in the course of said employment. For all services rendered by said second party beyond the aforesaid territory, said corporation agrees to pay said second party an additional compensation of Twenty-five ($25.00) Dollars per day for each day (other than Sundays) so engaged, including time necessarily spent in going to and coming from such distant place, together with the transportation and other expenses necessarily and reasonably incurred by said attorney therein.

"Said second party hereby accepts said employment, and hereby agrees to render the services as legal adviser and attorney hereinabove set out, on the terms, conditions and agreements herein stated."

attorney's retainer and employment, whereby he was to receive for the period of one year (which expired before commencement of the action) the sum of $100 each month in cash or—at the election of the corporation—in its full paid investment shares, the consideration being such advice and legal services as he might be called upon to render. In its amended answer the corporation admitted the execution of the contract but denied liability in general terms, without pleading any affirmative defense. It did not introduce any evidence in its own behalf except by cross-examination of the plaintiff, who was the sole witness.

The assignments of error whereby the corporation now seeks a reversal are based upon certain legal views which it asserts and which we now proceed to examine.

■ 1. It is contended that the pleadings adequately raised the issue of performance of conditions in the contract and that the plaintiff failed to prove his performance of those conditions. The complaint alleges that the plaintiff "has duly performed all the conditions of said contract, on his part to be done and performed." This brief form of allegation, though essentially nothing more than a legal conclusion, is in compliance with the provision of our Code of Civil Procedure ('35 C.S.A., vol. 1, p. 155, §72), the purpose of which was to expedite and simplify. The purpose would be virtually nullified if by the defendant's mere denial of the legal conclusion the plaintiff were relegated to the original requirement of specifically proving the performance of each of the conditions. The plain intent was to dispense with such procedure as constituting unnecessary "red tape." The general allegation of the plaintiff challenges the defendant to specify affirmatively which, if any, of the conditions the defendant claims were unperformed. *Penn M. L. I. Co. v. Ornauer*, 39 Colo. 498, 505, 90 Pac. 846, 848; *National Surety Co. v. Queen City Co.*, 63 Colo. 105, 108, 164 Pac. 722, 723; *Home Ins. Co. v. Taylor*, 94 Colo. 446, 451, 32 P. (2d) 183, 185. Without such specifi-

cation by the defendant the evils sought to be eliminated by the cited code provision would survive in all their abundance and confusion. Neither by pleading nor by proper proof or offer of proper proof has the corporation here specified any nonperformance whatever.

██ 2. It is also contended—and was strenuously argued as the ground for a directed verdict which was denied to the defendant—that the retainer contract was made while the plaintiff was acting as attorney for the corporation, and that therefore he must prove the contract to be fair and reasonable in the circumstances and further prove the services to be reasonably worth the compensation provided for. The complete answer to this contention is that, though the plaintiff had prepared the articles of incorporation for the corporators of the defendant corporation, he did not become the attorney of the latter until the contract here involved was thereafter executed, expressly providing for his employment as such attorney. The contract therefore was not entered into during the existence of the fiduciary relationship of attorney and client. The validity of the contract is not assailed by the corporation, and its terms are not unreasonable on its face. The plaintiff now claims, and the judgment below covers, nothing more than compensation in the form of a retainer definitely fixed in the contract at a certain sum, wholly apart from the question of compensation for certain additional services which he might have been but was not called upon to render, and apart from the question of reimbursement for certain expenses which were not incurred. It is thus essentially a contract securing the attorney's services and remunerating him for being deprived of the opportunity to act for adverse parties. 7 C.J.S., p. 1019, §162.

██ 3. It is further argued that the district court committed reversible error by refusing the defendant leave to file a second amended answer, tendered on May 18, 1939, after the case had been called for trial and the jurors had been empaneled and sworn. This proffered

pleading was identical with the amended answer, filed February 24, 1939, except that it included in addition a "second defense." It attempted to allege the existence of an alleged oral compromise agreement whereby the plaintiff and the defendant were said to have canceled the original contract on May 10, 1938, the plaintiff to receive in full settlement 600 fully paid investment shares of the defendant corporation, which however were never issued. There was no showing by affidavit to support the proposed amendment, nor did the trial judge obtain from the defendant any information which could supply a reasonable excuse for the delay in tendering such amendment. In these circumstances we cannot say that the trial court abused its discretion by excluding the second amended complaint.

The record shows that on October 15, 1938, the plaintiff sent the defendant a statement based upon the full year's retainer under the contract, including a credit item dated June 6, 1938, of $48.27. The defendant did not object to this statement. In its amended answer it expressly admits the correctness of the credit item.

■ ■ Other matters are argued in the defendant's briefs, but only those above discussed fall within the scope of the assignments of error. Those discussed in this opinion call for sustaining the trial court. We mention among the former matters the claim of the corporation, rejected by the lower court, that it made a proper election to pay the plaintiff in securities, instead of cash. Even if the alleged error had been properly assigned, however, we should have to hold that under the evidence the trial court was right in entering a money judgment.

Judgment affirmed.

Mr. Justice Young and Mr. Justice Knous concur.