## No. 14,998.

### MACE *v.* SPAULDING.
(130 P. [2d] 89)

Decided October 5, 1942.

Mr. JAMES T. MACEY, Mr. WILLIAM B. KING, for plaintiff in error.

Mr. MORTIMER W. SPAULDING, pro se.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action by an attorney to recover for professional services and moneys incidently advanced by him in connection therewith. Based upon identical facts, two causes

of action were set forth, the first as upon an account stated, the second upon quantum meruit. Defendant answered in ample denial. The trial was to a jury, but before its commencement, plaintiff, on his own motion, elected to proceed on the first cause, and had judgment thereon.

The judgment is challenged variously: No case upon an account stated was made out; erroneous rulings on the admission of evidence; denial of motion for nonsuit; instructions to the jury; instructions sought and refused; motion for new trial, and motion for judgment notwithstanding the verdict. We dispose of the case on the first specification.

■ An account stated is "an account which has been examined and accepted by the parties." Bouvier. "An account stated is an agreement that the balance and all items of an account representing the previous monetary transactions of the parties thereto are correct, together with a promise to pay such balance. It must show a balance due, the amount thereof, and from whom it is due." 1 C.J.S., p. 693, §1. "Its importance lies in the fact that it imputes to the apparent debtor an admission of liability for the amount of the balance against him and an actionable promise to pay it." Ibid., p. 695. "An account ceases to be an open account and becomes an account stated when the debtor assents to the balance stated." Ibid., p. 695, §2. "An account stated must receive the assent of both parties; the minds of the parties must meet, for an account becomes stated only by reason of acquiescence in its correctness." Ibid., p. 706, §28. "In order to state an account the parties must adjust the accounts between them, strike a balance, and expressly or impliedly assent to the correctness thereof; and, if any part of the claim is disputed so that the balance stated is not admitted, it does not become an account stated." Ibid., p. 707, §28. "To constitute what is known as 'an account stated,' there must have been an accounting between the parties, a balance struck, and a

promise, express or implied, to pay such balance to the plaintiff." *Teller v. Ferguson,* 24 Colo. 432, 437, 51 Pac. 429.

█ Plaintiff, appearing pro se, called defendant as for cross-examination under the statute, and examined him at length, but at no point, as we read his testimony, did defendant admit that he had acknowledged the correctness of the statement, or that he had agreed to pay the balance indicated. On the contrary, he testified that from the time of presentation of the account to the end of its consideration, he questioned the entire bill as to reasonableness, and protested some items in their entirety. Plaintiff's own testimony reveals that defendant objected to various of the items, insisting the while that much of the claim had nothing to do with his individual affairs. We find nothing in the record upon which recovery as on an account stated may have predicate.

Let the judgment be reversed and the case remanded for further proceedings as the parties may be advised.

MR. JUSTICE BAKKE dissents.