No. 18,287.

VERN JOHNSON *v.* PAUL B. ADAMS.
(337 P. [2d] 601)

Decided March 30, 1959.   Rehearing denied April 20, 1959.

Messrs. SOUTHARD & SOUTHARD, for plaintiff in error.

Messrs. CHILSON & McCREARY, Mr. FRANK E. STARKEY, Messrs. CLAYTON & GILBERT, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court where defendant in error was plaintiff and plaintiff in error was defendant.

Plaintiff's complaint alleged an indebtedness against defendant in the sum of $3,490.01 "for goods sold and delivered by plaintiff between January 1, 1954 and December 31, 1954." Defendant's answer denied the allegation of plaintiff's complaint and for a second defense and counterclaim alleged that on December 4, 1954, "plaintiff and defendant struck and assented to an account stated. Defendant was to receive a credit for services, warehousing and trucking previously rendered to plaintiff, in the amount of Thirty-five Hundred Dollars ($3,500.00), and plaintiff was to receive credit for merchandise sold to defendant valued at Thirty-three Hundred Ninety Dollars and One Cent ($3390.01)." This left a balance due defendant from plaintiff of $109.99, for which defendant prayed judgment. Plaintiff by reply denied the allegations of the counterclaim.

At the trial the defendant admitted the sale and delivery of the items sold to him by plaintiff on December 4, 1954, and there is abundant evidence, not disputed, that these items were sold and delivered to defendant, payment for which had not been made. Defendant admitted on the trial that he was not entitled to any credit for "trucking" as alleged in his counterclaim.

On or about December 6, 1954, two days after the goods were sold and delivered, defendant commenced sending statements to plaintiff claiming a charge of $3,500.00 for "warehousing and office management" for the year 1954.

At the trial only two witnesses appeared, plaintiff and defendant. The dealings of the parties were gone into fully by each of the litigants. Upon motion the trial court dismissed defendant's counterclaim and entered

judgment in favor of plaintiff for $3,490.01, interest and costs. Defendant brings the case here by writ of error.

It is contended that an account stated was established because defendant rendered "Statements of demand by Johnson to Adams and the receipt and retention thereof without objection by Adams for an unexplained time."

A careful reading of the record discloses that the defendant did not sustain the burden of proof resting upon him to establish the counterclaim.

From the record it appears that on or about December 6, 1954, two days after plaintiff had sold defendant the merchandise sued for, defendant sent a statement to plaintiff showing $3,500 charges for "Warehouse and office management 1954" and credits in favor of plaintiff of $3,390.01, leaving an alleged balance of $109.99 due defendant. During the ensuing five or six months defendant mailed plaintiff statements for "1954 account $109.99." Counsel for defendant insist that the sending of these statements constituted an account stated in favor of defendant in the sum of $109.99. We cannot agree. *Mace v. Spaulding,* 110 Colo. 58, 130 P. (2d) 89, sets forth the elements necessary to create an account stated, which we epitomize as follows:

1. An account which must have been examined and accepted by the parties;

2. An agreement that the balance and all items of account representing the previous monetary transactions of the parties are correct;

3. An admission of liability to the apparent debtor for the amount of the balance against him.

4. The assent of both parties and a meeting of the minds.

Stated conversely if any part of the claim is disputed so that the balance stated is not admitted, it does not become an account stated.

The evidence as to the general dealings of the parties was in conflict and the trial court resolved the issues in favor of plaintiff. A careful reading of the transcript

convinces us that the trial court correctly determined the issues of fact and law, hence the judgment is affirmed.