No. 19,335.

A. C. RUPP *v.* CORTLAND N. COOL.
(362 P. [2d] 396)

Decided May 29, 1961.

Messrs. RECTOR AND KANE, for plaintiff in error.

Mr. DANIEL E. QUIGLEY, Mr. WILLIAM E. RHODES, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE HALL delivered the opinion of the Court.

COOL, a practicing attorney, brought this action against his former client, Rupp. The case was commenced in the county court. There, neither party requested a jury. On trial to the court Rupp suffered an adverse judgment and promptly appealed to the district court where, on lodging the record of the county court and simultaneously therewith, he filed his written demand for a jury trial.

In his complaint Cool alleged that in 1955 he was employed by Rupp to act as his attorney; that pursuant to said employment he rendered the required services, and on completion thereof, on or about September 1, 1955, he rendered to Rupp his statement of charges for such services in the amount of $2500.00 and $81.26 for costs; that thereafter Rupp paid to Cool $1000.00, leaving a balance due and unpaid of $1581.26; that thereafter Cool sent to Rupp monthly statements setting forth the balance due and unpaid, which statements Rupp received, accepted and retained without objection; that by reason of the facts aforesaid Rupp became indebted to Cool on account stated in the amount of $1581.26.

Rupp in his answer admitted the employment as alleged, admitted the payment of $1000.00, denied that there was ever any account stated or any agreement to pay fees of $2500.00, or any other specified amount. For a further defense Rupp alleged that the services rendered by Cool were rendered on the basis of reasonable value without any agreement at any time as to amount, and that his payment of $1000.00 exceeded the reasonable value of the services rendered.

Prior to trial the court denied the request of Rupp for

trial by jury. This action is one of the grounds urged for reversal.

Cool, during presentation of testimony to prove his claim, offered evidence to show the reasonable value of the services rendered. Rupp objected to this evidence on the ground that Cool was seeking to recover on an account stated and the reasonableness of the charges made was not in issue. Cool then asked leave to amend his complaint by adding thereto a quantum meruit claim for services rendered. This request was denied.

There is no dispute with reference to the fact that Rupp, on or about April 15, 1954, employed Cool to act as his attorney in connection with the purchase of some real estate from Mannings. Nothing was said about compensation by either Cool or Rupp until about April 15, 1955, when the work was completed, at which time Cool advised Rupp that he owed to him $2500.00 and costs.

The parties are in complete disagreement as to Rupp's reaction to this announcement of the amount of the alleged indebtedness. Cool contends that Rupp accepted the amount as proper and agreed to soon pay it. Rupp contends that he vigorously protested the amount and never agreed to pay it.

Some months later Rupp sent to Cool his check for $1000.00, which check Cool cashed. The check contained no notations as to its purpose and no restrictions nor was there any accompanying letter stating its purpose.

After receipt of this check Cool sent to Rupp monthly statements showing a balance due of $1581.26. To these statements Rupp made no response. This suit was brought to recover the balance.

After all of the evidence had been presented Cool renewed his motion to amend his complaint by adding thereto a quantum meruit claim for services rendered. This motion was denied.

The trial court found the issues in favor of Cool and entered judgment against Rupp for the sum of $1581.26,

interest and costs. Rupp is here by writ of error seeking reversal.

■ The law is well settled that an attorney and his prospective client may enter into a contract with reference to fees to be charged and such a contract will be treated and construed as other contracts.

In 7 C.J.S., Attorney and Client, §181, it is stated:

" * * * an attorney may make an enforceable contract with one about to become his client for the payment of compensation for services to be rendered, and the principles of law applicable thereto do not differ materially from those applicable to other contracts of employment. Such a contract is not subject to the particular scrutiny of the court, for the client is regarded as competent to judge for himself what is a proper sum to pay for services, and it cannot be repudiated merely because of the subsequent confidential relation."

In *Midwest Mutual v. Heald,* 106 Colo. 552, 108 P. (2d) 535, this court said:

"It is also contended — and was strenuously argued as the ground for a directed verdict which was denied to the defendant — that the retainer contract was made while the plaintiff was acting as attorney for the corporation, and that therefore he must prove the contract to be fair and reasonable in the circumstances and further prove the services to be reasonably worth the compensation provided for. The complete answer to this contention is that, though the plaintiff had prepared the articles of incorporation for the corporators [incorporators] of the defendant corporation, he did not become the attorney of the latter until the contract here involved was thereafter executed, expressly providing for his employment as such attorney. The contract therefore was not entered into during the existence of the fiduciary relationship of attorney and client. * * *."

■ Once the confidential relationship of attorney and client exists, the law governing contracts entered into between them is very different. The test applied to

such contracts when the attorney seeks to enforce the same is well stated in 7 C.J.S., Attorney and Client, §204 (2):

"Where after the relationship has been established, an attorney and client enter into an agreement in reference to the attorney's compensation, * * * the burden is on him to prove that the agreement was fairly and openly made, was supported by an adequate consideration, and that he gave the client full knowledge of the facts and of his legal rights, when he entered into the agreement, and that the services to be performed were reasonably worth the amount stated in the agreement; * * *."

The foregoing rule was followed by this court in *Enyart v. Orr,* 78 Colo. 6, 238 Pac. 29, wherein it was held proper to allow an amendment to a complaint seeking to recover attorney fees as provided for in an express contract by adding thereto a count on quantum meruit. There, speaking of actions by attorneys to recover fees allegedly due, this court said:

"Furthermore, a stricter rule applies against plaintiff here than in ordinary actions, namely, that in an action by attorneys *upon a contract for payment for services entered into while the relation of attorney and client existed between the parties,* in addition to proof of the contract and performance, the attorneys must prove facts to show that the contract was fair and reasonable under the circumstances, and that the services to be performed were reasonably worth the amount therein stated, and the amendment only amplified the original statement.

\* \* \*

"In the instant case, there was no abuse of discretion. The reasons that we have stated above why the amendment was permissible, apply with equal force here. The two counts were practically inseparable, it being a suit for attorney's fees, and the proof of reasonableness being required to supplement the proof of a contract, if it had developed that there was a contract. Under such cir-

cumstances, there would seem to be more grounds to charge an abuse of discretion if the court had required plaintiff to elect than there was in the order denying the motion." (Emphasis supplied.)

Cool cannot gain anything by relying upon an account stated which necessarily contains all of the elements of an agreement or contract and is subject to the same scrutiny and limitations as other contracts entered into between an attorney and his client during the existence of such confidential relationship.

It is quite apparent that at the time of trial Cool had come to a realization of the fact that he could recover only such amount as would constitute reasonable compensation for services rendered. No doubt such realization prompted his motion to amend, which motion was renewed after all testimony had been presented. The trial court committed reversible error in denying the motion, in rejecting tendered evidence with reference to the reasonable value of the services rendered, and in entering judgment for $1581.26 without any proof as to the value of the services rendered.

The remaining question presented for our resolution is: Was Rupp entitled to a jury trial?

We find no decisions of this court with reference to the question under the circumstances of this case.

C.R.S. '53, 37-6-13, provides:

"In all appeals provided for in section 37-6-12, the proceedings in the appellate court shall be de novo in all respects. Said appellate court shall consider and pass upon all objections to the pleadings and proceedings in the cause, which may have been made in the county court, and make such orders, and render such judgments or decrees as shall be meet and proper, *in the same manner as though such cause had been originally begun in said district court.* The defendant, where judgment has been rendered by default, shall have a right to plead any and all defenses which he might have pleaded had the cause been originally brought in the district court. *All*

*such causes shall be conducted in the same manner as if originally brought in the district court;* * * *."* (Emphasis supplied.)

Rule 38, R.C.P. Colo., provides:

"(a) *Where Jury Right Exists.* Upon demand, in actions for the recovery of specific real or personal property, with or without damages, or for money claimed as due on contract, or as damages for breach of contract, or for injuries to person or property, *an issue of fact must be tried by a jury, unless a jury trial is thereafter waived.*

"(b) *Demand.* Any party may demand a trial by jury of any issue triable by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party." (Emphasis supplied.)

By reading the foregoing statute and rule subsequently adopted it is apparent that in adopting the rule this court did not have in mind the situation herein presented and neglected to provide any directions for the guidance of lawyers, courts or litigants in such situations.

Understandably, a party might prefer trial before a county judge rather than face a county court jury, and on the same case appealed to the district court prefer trial to a district court jury rather than face a district court judge.

The trial in the district court being de novo it seems reasonable and just that the parties should not be bound in the district court by their demanding or failing to demand a jury trial in the county court.

■ We hold that either party on appeal from the county court to the district court should be entitled to a jury trial in the district court in actions set forth in Rule 38. The rule does not specifically cover the time within which demand for jury trial should be made in cases appealed from the county court to the district

court. Under these circumstances, if the demand for jury trial in such cases is made within a reasonable time prior to trial, and the trial court, under Rule 40, R.C.P. Colo., is afforded an opportunity to arrange its trial calendar in an expeditious manner, the request for jury trial should be granted.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.