413 P.2d 600

Malcolm PETRIE, Plaintiff and Appellant,

v.

GENERAL CONTRACTING COMPANY, a Utah corporation, and Reed Tuft, an individual, et al., Defendants and Respondents.

No. 10422.

Supreme Court of Utah.

April 21, 1966.

Stephen L. Johnston, Salt Lake City, for appellant.

Nielsen, Conder & Hansen, Arthur H. Nielsen, Salt Lake City, for respondents.

CROCKETT, Justice.

■ Plaintiff, Malcolm Petrie, sued to quiet title to mining claims in Wasatch County in which the defendant, Reed Tuft, claims a one-third interest. Upon trial to the court, after the plaintiff had rested his case, defendant made a motion for judgment which was granted; and in accordance with the provisions of Rule 41 (b) U.R.C.P. made findings and entered judgment thereon. Accordingly, we review the evidence in the light most favorable to them.[1] Plaintiff appeals.

In the latter part of 1962 plaintiff had hired Mr. Tuft as his attorney to sue General Contracting Company and Richard Cardall to collect for accounting services he had rendered them. Their agreement was that Mr. Petrie would pay the costs and that Mr. Tuft would receive no fee except, as the trial court here found, " * * one-third of whatever was obtained from the defendant."

In the case against Cardall judgment was obtained and Mr. Tuft was paid his one-third. In the case against General Contracting Company, after certain negotiations respecting payment, a judgment was entered on April 8, 1963, for $2762.95, including costs and interest. Subsequently, pursuant to the suggestion of Mr. Petrie, that judgment was docketed in Wasatch County; and execution was issued thereon and a levy was made upon the mining claims in question. On May 24, 1963, a sheriff's sale of the claims was conducted at which there were other bidders. Mr. Robert McRae, associate of Mr. Tuft, made the high bid of $2540 for the plaintiff.

It is important to note that no money was paid to the sheriff, but this was simply the amount which, according to Mr. Petrie, was necessary to exceed other bids, and which amount the plaintiff would credit on the judgment. It is further significant that neither at that time, nor at any time until nearly two years later, after this action was in progress, did Mr. Petrie offer any money to Mr. Tuft. After the six-month redemption period had expired, in December of 1963, a sheriff's deed to the property in question was executed and delivered to Mr. Petrie. Nine months thereafter, in September of 1964, Mr. Petrie caused it to be recorded; and on November 16, 1964 commenced this action to quiet title to the claims which he admits have

1. Lawrence v. Bamberger R.R. Co., 3 Utah 2d 247, 282 P.2d 335.

a value in excess of the amount of the judgment. Thereafter, on January 5, 1965 Mr. Petrie tendered to Mr. Tuft the sum of $846.67, being one-third of the amount credited upon the judgment for the property at the sheriff's sale. Defendant refused the offer, insisting that under their agreement one-third of the judgment and any proceeds realized from it belongs to him.

█ There is no question about the validity of a contract for an attorney's fee contingent upon recovery, which may be a share of it; nor that the same rules apply to it as to other contracts.[2] Both the amount and the means of payment, whether in money or property, depend upon the agreement between the parties. In the event of uncertainty or ambiguity as to their intent, it may be divined from their conduct and the surrounding circumstances.

In support of the plaintiff's position, it is argued that if a third party had purchased the property at the sheriff's sale for the $2540, Mr. Tuft could have had only one-third of that money. From this, plaintiff reasons that he was himself entitled to buy in the property for that price, which was the best bid, and have the advantage of the investment. The answer to this is that if he had in fact done so, he might indeed have made the investment and have bought the claims for himself. But the facts do not show that this was what

happened. If so, he should have paid or tendered to Mr. Tuft his one-third of the money at the time of the sheriff's sale, or within a reasonable time thereafter, and not have waited until it was found that the claims were of greater value and then claimed them all for himself.

In the circumstances here shown the fact that Mr. Tuft was plaintiff's attorney in the prior action gives him no less rights than any other associate would have had who had been assigned one-third of "whatever was obtained from the defendant." We are constantly hearing talk about the obligations of lawyers to be honest with their clients, which is correct and salutary. But it is also true that a client has a duty to be honest with his lawyer and that the latter's rights are equally entitled to be safeguarded by the courts.

█ We are in accord with the view of the trial court that the reasonable deduction from the facts shown is that the parties intended that Mr. Tuft was to receive a contingent fee of one-third of whatever was obtained from the defendant, whether money or property, and we are impressed with the logic of his statement: "I am concerned with the fact that Mr. Tuft represented Mr. Petrie under an agreement that he was to be paid one-third of the amount of recovery for legal services; that the legal services were rendered; that

2. See Rupp v. Cool, 147 Colo. 18, 362 P.2d 396 (1961).

a recovery was made; and that he is entitled to his one-third, whatever that may be. When the property was purchased at sheriff's sale, Mr. Tuft's portion of the judgment was used right along with that which belonged to Mr. Petrie to purchase the property."

Sec. 78–51–41 U.C.A.1953 provides that an attorney, " * * * has a lien upon his client's * * * judgment * * * and to the proceeds thereof * * *." Where the recovery is real estate the lien attaches to it;[3] and this is also true where real estate is taken in satisfaction of a judgment.[4]

Upon the basis of the findings as made by the trial court, he correctly ruled that the defendant Tuft owns one-third of the mining claims in question. Affirmed. Costs to defendant (respondent).

HENRIOD, C. J., and McDONOUGH and WADE, JJ., concur.

CALLISTER, Justice (dissenting).

The trial court found that the agreement between the parties was that the attorney be paid one-third of the "recovery" for

3. See Young v. Levine, 326 Mo. 593, 31 S.W.2d 978 (1930).
4. See Webster v. Sweat, 5 Cir., 65 F.2d 109 (1933).

his legal services. What was the "recovery?" In my opinion it was the amount bid for the mining claims at the sheriff's sale.

Rule 69, U.R.C.P. provides no basis for a distinction between a third person and a judgment creditor purchasing property at a sheriff's sale.

Rule 69(e) (4), U.R.C.P. states: "Every bid shall be deemed an irrevocable offer * * *."

Rule 69(e) (6), U.R.C.P. states: "Upon a sale of real property the officer shall give to the purchaser a certificate of sale, * * *."

The fact that the judgment creditor does not tender the cash to the sheriff (if the bid is in the amount of the judgment, or less) is irrelevant and in no way alters the character of the transaction as a sale of property purchased with cash.[1]

The logical conclusion is that the bid of the judgment creditor, the purchaser, constituted the proceeds of the judgment, upon which the attorney has a lien for one-third of the amount bid. Furthermore, the property (mining claims) purchased by the judgment creditor (client) cannot be

1. Turner v. Donovan, 64 Cal.App.2d 375, 148 P.2d 912 (1944); 33 C.J.S. Executions § 217a p. 463.

**412**

considered either as the proceeds of the judgment or as being a settlement in satisfaction thereof.

The trial court held, and the majority of this court agrees, that the attorney's portion of the judgment was used by the client to purchase the claims at the sheriff's sale. It is untenable to hold that a client could invest the attorney's fee, and that the latter's compensation would depend upon the sagacity of the client. Furthermore, there is no evidence to establish that the client was either the agent or trustee of the attorney.

One might observe that if the circumstances were altered and the mining claims were worthless, it is doubtful that this court would compel the attorney to accept one-third of the claims rather than money equal to one-third of the client's bid.

One might further observe that if a third party had been the successful bidder, the attorney would be entitled to only one-third of the amount paid to the sheriff. The fact that the client was the successful bidder should not give the attorney an additional right. In either case, the amount bid and paid for the claims is the proceeds of the judgment.

For the foregoing reasons, I would reverse the judgment of the lower court.