487 P.2d 562 (1971)
WESTERN OIL FIELDS, INC., Plaintiff in Error,
v.
Darwin D. COIT, Defendant in Error.
No. 71-073. (Supreme Court No. 24390.)
Colorado Court of Appeals, Div. II.
July 20, 1971.
*563 Gorsuch, Kirgis, Campbell, Walker & Grover, John S. Pfeiffer, Denver, for plaintiff in error.
Darwin D. Coit, pro se.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was transferred from the Supreme Court pursuant to statute.
Defendant in error, Coit, sued plaintiff in error, Western Oil Fields, Inc., to recover attorney fees. Trial was to the court, which entered judgment against Western for $5,000 plus interest from the date "when said fee should have been paid." Western appeals from this judgment. We affirm the trial court.
Coit originally was retained by Western solely to assist in the trial of a case in the United States District Court. Judgment in that case was entered against Western. (Coit's fees for services in the trial court have been paid and were not involved in the present action.) Subsequent to the judgment discussions were held to determine whether or not an appeal should be taken. Discussion was also had as to whether or not Coit should be hired to assist Western's regularly employed counsel in the handling of the appeal. Coit advised Western that if he was employed his fee would be no less than $5,000. Thereafter Western decided to appeal and hired Coit to proceed with the appeal in cooperation with their regularly employed counsel.
The appeal was prosecuted to conclusion and the judgment of the trial court was affirmed. Petition for rehearing was filed and denied. Western determined not to proceed with further appeal, and Coit's services were terminated. Thereupon Coit sent Western a bill in the amount of $5,000 for his services in handling the appeal. Western failed to pay and this action was brought.
Although several issues were raised by the pleadings the case was tried solely on two issues, namely: whether Coit was employed for a fee of not less than $5,000, and whether the fee was reasonable.
Coit and his secretary testified as to the amount of work done and the method of determining the fee. The only other witness was an attorney who testified for Western and gave his opinion that a reasonable fee for handling the appeal would be $3,500. He admitted on cross-examination that he did not know how many hours Coit had spent on the work and based his opinion largely on his review of Western's files in the matter and his own experience.
The trial court found that Coit was hired on the basis that his minimum fee would be $5,000, that he had earned the fee, and that he was entitled to that sum together with interest from the date his bill in that amount was rendered.
Western asserts that the trial court erred in finding that an agreement as to fees existed and that the judgment should have been based solely on the reasonableness of the fee. It further asserts error in the awarding of interest prior to judgment.

I
Western relies on Rupp v. Cool, 147 Colo. 18, 362 P.2d 396. However, that *564 case is not helpful to Western. In that case the attorney completed his work before determining his fee. Here the minimum fee, which is all that is asked for, was determined before the attorney was employed to do the work.
In this case the agreement was not entered into during the existence of the attorney-client relationship as Coit's previous limited employment had been terminated.
Under these circumstances the following statement from Rupp v. Cool, supra, is pertinent:
"The law is well settled that an attorney and his prospective client may enter into a contract with reference to fees to be charged and such a contract will be treated and construed as other contracts."
Such a contract is not subject to the particular scrutiny of the courts. See Midwest Mutual v. Heald, 106 Colo. 552, 108 P.2d 535.
Here Coit was hired to perform certain services at an agreed minimum fee. He performed the services and is entitled to the minimum fee sued for.

II
The trial court properly awarded interest from the date the bill was rendered and correctly determined that Coit was entitled to recover on the basis of his contract with Western. The mere fact that Western disputed the amount due did not render the account unliquidated. See Florence & Cripple Creek R.R. Co. v. Tennant, 32 Colo. 71, 75 P. 410. Coit is therefore entitled to interest from the date he rendered his bill, at which time the account became due and payable. C.R.S.1963, 73-1-2. See Mulligan v. Smith, 32 Colo. 404, 76 P. 1063.

III
Western's assertion that Coit did not prove an account stated was not raised in the trial court and therefore will not be considered here. Aronoff v. Western Federal Savings and Loan Ass'n, Colo.App., 470 P.2d 889.
Judgment affirmed.
ENOCH and DUFFORD, JJ., concur.