511 P.2d 506 (1973)
R. Rex CONYERS, Plaintiff-Appellant,
v.
Ruth LEE, and Eugene O. Daniels, Defendants-Appellees.
No. 72-167.
Colorado Court of Appeals, Div. I.
June 5, 1973.
*507 George A. Hinshaw, Dale A. Gerlach, Aurora, for plaintiff-appellant.
Yegge, Hall & Evans, Eugene O. Daniels, Denver, for defendants-appellees.
Selected for Official Publication.
SMITH, Judge.
Dr. R. Rex Conyers brought suit against Ruth Lee and her attorney, Eugene O. Daniels, seeking $3,106.40 from both defendants for medical services rendered to Mr. and Mrs. Lee and seeking $150 from defendant Lee for an expert witness fee. The complaint alleged that defendant Daniels was authorized and directed in writing by defendant Lee to withhold all sums owing to plaintiff for medical services from any settlement or judgment received by Daniels on her behalf. Plaintiff further alleged that defendant Daniels agreed in writing to comply with this direction. Thereafter, defendant Lee allegedly recovered damages from a settlement or judgment, and no sum was paid to plaintiff. On this basis the complaint asserted that defendant Daniels, as well as defendant Lee, was liable to plaintiff for the $3,106.40 amount.
Defendants denied generally the allegations of the complaint, but defendant Daniels admitted approving by his signature, a document which instructed him to pay plaintiff. Subsequently, defendant Daniels filed a motion for summary judgment which was granted by the court. The court heard testimony on the claim against defendant Lee and entered judgment against her in the amount of $1,257.46. Plaintiff appeals.

I
Plaintiff contends that an account stated was proved and that the judgment was erroneous because it was not for the full amount of the account stated. An account stated is an agreement that the balance and all items of an account representing the previous monetary transactions of the parties are correct, together with a promise, express or implied, to pay such balance. Mace v. Spaulding, 110 Colo. 58, 130 P.2d 89. Here there was no express agreement between the parties recognizing the sum due. Plaintiff relies on the silence of defendant Lee over a length of time concerning the amount due as creating an implied agreement as to the correctness of that amount. Plaintiff cites Wright v. Forsyth, 79 Colo. 71, 243 P. 1108, in support of that argument. This doctrine, however, cannot be applied to the *508 present case inasmuch as the account upon which defendant Lee was being sued included charges for treatment of her husband as well as herself. The fact that she did not object to the billing of her husband's medical service expenses with her own cannot now be asserted to preclude her from denying liability for the entire amount when she alone is being sued. In the absence of a complete agreement as to correctness of all amounts, there is no account stated. Mace v. Spaulding, supra.
Although defendant Lee did not contest the fact that she owed money to plaintiff, she did dispute the amount and the manner in which it was computed. The complaint stated a total amount due from 1965 to February 1, 1969, of $3,106.40. This amount, however, included charges incurred by defendant Lee's husband as well as charges attributable to her. There were insurance payments made to Dr. Conyers during this period concerning which a question arose over the credits apportionable between defendant Lee or her husband. Defendant Lee argues that since her husband incurred only $284 of charges since 1965, only that amount should be subtracted from the total amount to be credited to the account. The evidence indicated that Mr. Lee had incurred at least $667 of charges before June 1965 and $284 of charges thereafter. It was within the province of the trial court to determine an equitable apportionment of the credits between Mr. and Mrs. Lee. We find no error in the method chosen by the court.
Plaintiff also asserts as error the refusal of the court to allow the plaintiff to amend the complaint during trial to include services rendered prior to the time period stated on the complaint. Under C. R.C.P. 15, amendment of a pleading after a responsive pleading has been filed is within the discretion of the trial court. Fedderson v. Goode, 112 Colo. 38, 145 P.2d 981. We find no abuse of that discretion in the present case.

II
Plaintiff further asserts as error the court's dismissal of defendant Daniels. Defendant Daniels argues that the court did not err in that the agreement was signed by him only in his representative capacity as defendant Lee's attorney and that his signature was only a formal acknowledgement of his intention to comply with the instructions of his principal, defendant Lee. We have examined the writing[1] signed by both parties, and we conclude that the court did err in dismissing defendant Daniels.
The agreement was not only between plaintiff and defendant Lee, but also between plaintiff and defendant Daniels.
*509 Therefore, there were actually two contracts entered into by means of the writing in question. The agreement purported to establish a doctor's lien on any judgment or settlement received by defendant Lee and required defendant Daniels as defendant Lee's attorney, to observe the so-called lien and withhold sums from any settlement or judgment necessary to satisfy the doctor's medical bills. When defendant Daniels did not comply with his agreement to withhold the necessary sums from any settlement or judgment received by defendant Lee, he became liable to plaintiff for any damages plaintiff suffered as a result of this breach of the contract between them. See Heffelfinger v. Gibson, 290 A. 2d 390 (App.D.C.). (Upholding an attorney's liability on a writing substantially identical to the one in question).
We affirm the judgment against defendant Lee and reverse the judgment dismissing defendant Daniels. Case remanded with directions to reinstate the claim against defendant Daniels and for further proceedings thereon.
ENOCH and PIERCE, JJ., concur.
NOTES
[1] From the offices of R. Rex Conyers D. O.
 John Bolin D. O.
To: Attorney Eugene O. Daniels
 1340 Denver Club Bldg.
 Denver, Colo. 80202

I do hereby authorize the above doctor(s) to furnish you, my attorney, with full reports of examination, treatment, diagnosis, prognosis, etcetera, in regard to the accident in which I am involved.
I fully understand that I am directly responsible to said doctor(s) for all medical bills submitted by them for services rendered to me and that this agreement is made solely for the said doctor(s) protection and is in consideration of their awaiting payment. I further understand that such payment to these doctors is not contingent on any settlement, judgment, or verdict by which I may eventually recover said fees.
I hereby authorize and direct you, my attorney, to pay directly to said doctor(s) such sums as may be due and owing them for medical services rendered to me by reason of this accident and by reason of other services rendered prior or subsequent to this accident and to withhold such sums from any settlement, judgment or verdict which may be paid to you, my attorney, or to me directly, as the result of the injuries I have sustained. Dated:
April 27, 1967 (s) Mrs. Ruth Lee The undersigned being attorney of record for the above patient, does hereby agree to observe all the terms of the above lein [sic] and agrees to withhold such sums from any settlement, judgment or verdict as may be necessary adequately to protect said doctor(s).
Dated:
May 1, 1967 (s) Eugene O. Daniels To Attorney: Please date, sign and return one copy to doctor's office. One copy is for your records.