**RHODE, TITCHENAL, BAUMANN & SCRIPTER, Plaintiff–Appellee,**

v.

**John B. SHATTUCK, Defendant–Appellant.**

**No. 80CA0085.**

Colorado Court of Appeals, Div. I.

July 3, 1980.

Rehearing Denied Aug. 7, 1980.

Certiorari Denied Nov. 3, 1980.

Hurth, Yeager & Sisk, John M. Yeager, Boulder, for plaintiff‑appellee.

O'Connor & Hannan, Martin M. Berliner, Denver, for defendant‑appellant.

KIRSHBAUM, Judge.

Defendant, John B. Shattuck, appeals a judgment in the amount of $64,622 entered against him on plaintiff's complaint for account stated. We affirm.

Plaintiff performed various accounting services for defendant and his five partnerships from April 1974 to March 9, 1977. Defendant was sent numerous bills for those services. He did not protest any of the bills, and admitted to plaintiff that he owed the sums charged and that the bills were unpaid. Plaintiff then filed its complaint for money owed. Defendant's answer consisted solely of a general denial.

At trial defendant sought to introduce evidence to prove that the amounts claimed were not reasonable charges for the services rendered. The trial court denied defendant's request on the ground that evidence of the reasonable value of plaintiff's serv-

ices was not material in an action for account stated. The parties have stipulated that the evidence supports the trial court's judgment in favor of plaintiff on the theory of account stated.

██ The sole issue on appeal is whether the reasonableness of the stated fees is an element of an accountant's claim for account stated. *Mace v. Spaulding*, 110 Colo. 58, 130 P.2d 89 (1942), defines the elements necessary to establish a claim for account stated, namely: a statement for sums due presented by plaintiff to defendant and an agreement between plaintiff and defendant that the account is correct and that the agreed amount is due from defendant to plaintiff. The reasonableness of the amount agreed to by the parties is not such an element.

*Enyart v. Orr*, 78 Colo. 6, 238 P. 29 (1925), established the principle that the law governing contracts between attorneys and their clients differs materially from the general law of contracts when the disputed agreement is entered into during the pendency of the attorney–client relationship. *Rupp v. Cool*, 147 Colo. 18, 362 P.2d 396 (1961), relying upon *Enyart, supra*, established the principle that an attorney seeking to recover unpaid attorney fees on the theory of account stated must prove the reasonable value of the services rendered if the fee agreement was entered into during the course of the attorney–client relationship. The rule is subject to some exceptions, however. *See Van Cise, Phillips & Goldberg v. Jelen*, 197 Colo. 42, 593 P.2d 973 (1979); *Western Oil Fields v. Coit*, 29 Colo.App. 567, 487 P.2d 562 (1971).

Defendant contends that the rationale of *Enyart* and *Rupp* must be extended to claims of account stated filed by accountants. He cites *Robertson v. Goethel*, 369 So.2d 365 (Fla.Ct.App. 1979), to support his argument that the fiduciary characteristics of the attorney–client relationship are identical to those inherent in the accountant–client relationship. The *per curiam* decision of *Robertson, supra*, articulates no such policy decision, and there the plaintiffs, an accountant and an attorney, claimed fees on

theories of *quantum meruit* and written contract as well as on a theory of account stated. Plaintiff here pursued only an account stated claim throughout the pretrial and trial proceedings.

██ However similar the fiduciary characteristics of accountant–client and attorney–client relationships might appear, the courts have no direct responsibility for monitoring the ethical standards of professions other than the legal profession. Moreover, the factors of confidentiality and trust inherent in the accountant–client relationship are equally characteristic of numerous other relationships involving consumers and providers of services. We can discern no basis in policy to expand the requirements of account stated for accountants that would not also require the abandonment of the common law principles of account stated in all consumer transactions in which services are rendered by an expert to a client who invariably must rely on the expert's advice and integrity. *See, e. g., Polichio v. Oliver Well Works, Inc.*, 147 Colo. 158, 362 P.2d 1056 (1961); *Lease Finance, Inc. v. Burger*, 40 Colo.App. 107, 575 P.2d 857 (1977); *Conyers v. Lee*, 32 Colo.App. 337, 511 P.2d 506 (1973).

Judgment affirmed.

COYTE and VAN CISE, JJ., concur.

