562 So.2d 859 (1990)
Jeraldine Williams SMITH, Petitioner,
v.
James and Barbara PATTON, Respondents.
No. 90-631.
District Court of Appeal of Florida, First District.
June 21, 1990.
Jeraldine Smith, pro se.
Patricia Fournier, Tallahassee, for respondent Barbara Patton.
Thomas Lager, Tallahassee, for respondent James Patton.
PER CURIAM.
Petitioner, attorney Jeraldine Williams Smith, seeks a writ of certiorari for review of a trial court order granting access to documents on which Smith claims a retaining lien for the payment of attorney's fees. Finding that Smith is entitled in part to the relief she seeks, we grant the writ, and quash so much of the trial court's order as permits access to the documents by either respondent Barbara Patton or her counsel.
Smith initially represented Ms. Patton in a dissolution proceeding. In the course of that representation, Ms. Patton delivered to Smith three boxes of assorted financial documents, which Smith organized for use in the pending litigation. Smith was thereafter permitted to withdraw from the representation based on Ms. Patton's belief that a black, female attorney would not receive fair treatment from the then-presiding judge. Ms. Patton obtained substitute counsel who, along with counsel for James Patton, sought to compel discovery of the documents in Smith's possession.
The trial court initially ordered Smith to produce the documents forthwith. Smith moved for rehearing on the ground that she claimed a retaining lien against the documents for attorney's fees owed her by Ms. Patton. The trial court granted the motion, holding that Smith was entitled to a retaining lien on the documents. However, the court went on to rule that the lien did no more than give Smith the right to retain physical possession of the documents, and did not give her the right to deny either respondent access thereto for inspection and copying. The order concluded that, upon proper application by respondents, Smith would be required to allow inspection and provide copies of the documents.
Smith appealed this non-final order. This court thereafter ruled that, although the trial court order was not appealable, *860 the notice of appeal and initial brief would be construed as a petition for writ of certiorari. The court further held that, pending disposition of the petition, counsel for respondent James Patton could have access to the documents but that counsel for respondent Barbara Patton would not be allowed such access until further order of the court. Although respondents were given 15 days in which to show cause why the petition should not be granted, no response to the petition has been filed.
It is clear that Florida attorneys have a possessory retaining lien on a client's papers for fees and costs due for services rendered to the client. Dowda and Fields, P.A. v. Cobb, 452 So.2d 1140, 1142 (Fla. 5th DCA 1984). However, no Florida case addresses the precise issue herein presented, that is, whether such a lien gives an attorney the right to deny access to such papers altogether.
In Tri-Ex Enterprises, Inc. v. Morgan Guaranty Trust Co., 583 F. Supp. 1116 (S.D.N.Y. 1984), Tri-Ex sought to compel production of certain documents possessed by its opponent's former law firm, which documents were subject to a retaining lien. While finding that the firm was entitled to the lien, the court nevertheless held that Tri-Ex was entitled to access to the affected documents.
The court noted that "the right to retain the papers is valuable to the attorney in proportion as denial of access to them causes inconvenience to the client," Tri-Ex at 1117, and that "where the adversary has access to documents to which the client does not, the inconvenience to the client is increased, thus enhancing the value of the lien." Tri-Ex at 1117-1118. However, while holding that access to the documents must be provided to the former client's adversary, the Tri-Ex court held that such documents were not to be made available to the former client until the fee dispute was resolved or security to cover the fee claim posted. Failure to follow these limitations strictly was held to be an abuse of discretion, with certain exceptions not applicable herein. Tri-Ex at 1117.
We find the Tri-Ex rationale persuasive on the issue presented by the facts of this case, and note that respondents have indicated no contrary authority. We therefore grant the writ, and quash only so much of the trial court's order as allows access to the documents by counsel for Smith's former client, respondent Barbara Patton. Access by this respondent shall not be permitted until such time as the fee dispute is resolved, or security posted for payment of that fee. On remand, should the parties be unable to resolve the fee dispute, the trial court shall determine the amount adequate to secure payment of that fee, the posting of which will allow Ms. Patton access to the documents.
Writ issued.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.