618 So.2d 375 (1993)
Christopher Q. WINTTER and Wintter & Cummings, Petitioners,
v.
Geraldine L. FABBER and the Mayfair of Boca Raton Condominium Association, Respondents.
No. 93-0610.
District Court of Appeal of Florida, Fourth District.
May 26, 1993.
Christopher Q. Wintter, Wintter & Cummings, Hollywood, for petitioners.
Geraldine L. Fabber, Boca Raton, for respondents.
DOWNEY, JAMES C., Senior Judge.
Petitioners, a lawyer and his law firm, seek review by petition for writ of certiorari of an order of the lower court which 1) requires petitioners to deliver to Respondent, Fabber, all documents and exhibits which she provided to petitioners while the firm represented her and 2) which requires petitioner to furnish Fabber a photocopy of *376 all other documents contained in counsel's client file at 15 cents per page.
It appears petitioners had represented Fabber in the present suit pursuant to a written contract of employment. She had paid petitioners a considerable amount of attorney's fees at the point in time when petitioners were allowed to withdraw because Fabber refused to pay further fees in the amount of $50,000. Counsel claimed a retaining lien upon their files created during the representation and refused to turn said files over to the client.
We believe the order being reviewed constitutes a departure from the essential requirements of law which should be reviewed at this point in the litigation because there will not be an adequate review of the ruling available to counsel at the end of this suit. The essential nature and purpose of a lawyer's retaining lien demonstrates that the trial court's ruling is erroneous.
An attorney is entitled to a lien on his client's papers, money, securities and other property coming into his possession in the course of his professional employment which gives him the right to retain possession thereof as security for payment of fees and cost. Tellier, L.S., Annotation, Rights And Remedies of Client as Regards Papers and Documents on Which Attorney Has Retaining Lien, 3 A.L.R.2d 148, (1949). The lien is generally a passive one which points up the necessity of allowing the lawyer's entitlement to possession of the subject property to secure his indebtedness. As stated in the editorial analysis in the foregoing annotation:
"The value of the attorney's retaining lien is principally in the leverage which it gives the attorney over a client who fails or refuses to pay for services rendered, through the embarrassment and inconvenience caused the client by withholding papers, documents, and other valuables; and since that lien is not one which is actively enforceable by foreclosure proceeding but merely a passive one, dependent upon continued possession of the client's property, American courts with few exceptions hold in cases where the attorney did not himself terminate the relation, that the client cannot compel his attorney, or former attorney, to deliver up papers or documents on which the attorney has a retaining lien, unless he pays the amount due the attorney, or furnishes adequate security for the payment of what may be due or subsequently found to be due him."
A similar situation presented itself in Pomerantz v. Schandler, 704 F.2d 681 (2d Cir.1983) wherein a nonparty law firm which had withdrawn as counsel sought review of a trial court order requiring it to turn over to new counsel various documents which came into its possession as a result of representing one of the parties. The Pomerantz court presented the following interesting analysis of the question at hand:
It is settled that an attorney may claim a lien for outstanding unpaid fees and disbursements on a client's papers which came into the lawyer's possession as the result of his professional representation of his client. In re San Juan Gold Inc., 96 F.2d 60 (2d Cir.1938). Upon substitution of counsel in litigation pending before it the court, absent evidence of misconduct on the part of former counsel, will normally, as ancillary to its conduct of the litigation, require a lawyer claiming a lien to turn over papers subject to the lien upon the client's payment of his outstanding charges or posting of adequate security for payment. National Equipment Rental, Ltd. [v. Mercury Typesetting Co.], supra, 323 F.2d 784 at 786 [2d Cir.1963]; The Flush, 277 F. 25 (2d Cir.1921) cert. denied 257 U.S. 657, 42 S.Ct. 184, 66 L.Ed. 421 (1922). Indeed, we have held failure to impose such conditions to be an abuse of discretion, The Flush, supra, 277 F. at 28. Otherwise an unconditioned turnover would weaken the lien. Id. at 31. The purpose of the lien is to assist the attorney in preventing a client from refusing or failing to pay charges justly due. To permit a client in arrears to obtain the use of the papers would rob the lien of its intended force. As this court stated *377 in In re San Juan Gold Inc., supra, 96 F.2d 60 at 60-61 [2nd Cir.1938)]:
As explained in The Flush, supra, the right to retain the papers is valuable to the attorney in proportion as denial of access to them causes inconvenience to the client. Where the client or some one representing him has a pressing necessity for them, the court will order them delivered up upon condition that the fee be paid or security given for such sum as may be found to be due ... The attorney's lien cannot be disregarded merely because the pressure it is supposed to exert becomes effective.
Id. at 683.
Absent a clear necessity in a criminal case where the defendant cannot post security for payment of the indebtedness or a situation where the lawyer possessing the lien is entirely at fault causing his withdrawal, the erstwhile client is entitled to delivery of his papers or other property subject to the lien only if he pays the amount due or secures the payment thereof. To do otherwise, as the jurisprudence points out, nullifies the effect and purpose of the lien.
The foregoing discussion appears to control the question presented in this case. Of interest is the fact that the pending suit involving respondent has been settled pending this appellate review. Ordinarily that would seem to moot respondent's need to pursue the matter further. Be that as it may, petitioner contends that a decision should nevertheless be made on this petition as there is other litigation pending between these two parties regarding the amount, if any, owed for said attorney's fees. In a strikingly similar case, Bonfiglio v. Hampton, 574 So.2d 325 (4th DCA 1991), this court quashed a trial court order granting a former client's motion for return of documents in counsel's possession notwithstanding counsel's retaining lien against the client's file and documents in his possession. The decision cites Smith v. Patton, 562 So.2d 859 (Fla. 1st DCA 1990) and Dowda and Fields, P.A. v. Cobb, 452 So.2d 1140 (Fla. 5th DCA 1984) which support our conclusions in the present case.
Accordingly, we grant the writ of certiorari and quash the trial court order being reviewed.
ANSTEAD and WARNER, JJ., concur.