679 So.2d 60 (1996)
ANDREW HALL AND ASSOCIATES, Petitioner,
v.
Michael H. GHANEM, Individually and as President and Director of Foreign Cars Continental, Inc., Foreign Cars Continental, Inc., a Florida Corporation, Karim Abdul Ghanem, Individually and as President and Director of Deerfield Foreign Cars, Limited, Inc., and Deerfield Foreign Cars Unlimited, Inc., a Florida Corporation, and Office of the Attorney General, Department of Legal Affairs, State of Florida, Respondents.
No. 96-1190.
District Court of Appeal of Florida, Fourth District.
September 4, 1996.
*61 Andrew C. Hall of Andrew Hall and Associates, Miami, pro se.
Richard L. Rosenbaum of Law Offices of Richard L. Rosenbaum, Fort Lauderdale, for respondents.
GROSS, Judge.
After being discharged by a client, petitioner law firm seeks certiorari review of an order requiring it to relinquish its files to the client's new lawyer.
On January 26, 1996, the law firm was retained by respondents Michael Ghanem and Foreign Cars Continental, Inc. to represent them in a civil proceeding; they had been sued by the Florida Attorney General in a two count complaint alleging racketeering and civil theft. A preliminary injunction froze respondents' bank and money market accounts. On February 7, a modification to the injunction allowed the payment of attorney's fees from frozen assets upon presentation to the court of an order stipulated to by the Office of the Attorney General. Some disbursements were made to the law firm. At the end of March, respondents discharged the law firm and hired a new attorney, who filed a "motion to discharge counsel and to release files." On April 3, the law firm filed a notice of retaining lien against respondents' legal files, alleging that some of its fee remained unpaid. At the hearing on the motion for discharge, the assistant attorney general disputed whether the law firm was entitled to any additional fee out of the frozen accounts. The trial court ordered the law firm to
relinquish all clients' files to Richard L. Rosenbaum [respondents' new counsel]. The Court recognizes the lien of Andrew Hall & Associates and shall rule on the amount to be pd [sic] to them upon motion and notice.
An attorney's retaining lien on a client's papers and files is a possessory lien that the attorney holds until the fee has been paid or until adequate security for payment has been posted. Wintter v. Fabber, 618 So.2d 375 (Fla. 4th DCA 1993). Derived from the common law, the existence of the lien does not depend on any agreement between the lawyer and the client. The Flush, 277 F. 25, 29 (2d Cir.1921) (retaining lien "established on general principles of justice"), cert. denied, 257 U.S. 657, 42 S.Ct. 184, 66 L.Ed. 421 (1922). A retaining lien differs from a charging lien, which is placed upon any money recovery or fund due the *62 client at the conclusion of the lawsuit. 7 Am.Jur.2d Attorneys at Law § 324 (1980). A retaining lien is a passive one; it cannot be enforced through foreclosure and rests wholly upon the right to retain possession until the bill is paid. Wintter, 618 So.2d at 376. The pressure exerted by a retaining lien is directly proportional to the client's need and desire for the things in the attorney's possession. Wintter, 618 So.2d at 377. Standing alone, the client's lack of funds to pay the outstanding bill does not defeat the lien. In re San Juan Gold, Inc., 96 F.2d 60 (2d Cir.1938). The lien may not be impaired by the client securing the right to inspect and copy the papers or compelling their production by subpoena. The Flush, 277 F. at 31; Smith v. Patton, 562 So.2d 859 (Fla. 1st DCA 1990). Only under rare circumstances will the files be released without payment or the furnishing of adequate security: where there is a clear necessity in a criminal case and a defendant cannot post security or where the lawyer's misconduct caused his withdrawal. Wintter, 618 So.2d at 377; Pomerantz v. Schandler, 704 F.2d 681 (2d Cir.1983); see also Quinn v. Headley, 637 F.Supp. 707 (S.D.N.Y.1986) (attorney's request for retaining lien denied where he had assumed representation of client knowing that she was insolvent, able to pay attorney only if client received award in lawsuit). If there is a dispute between the lawyer and client as to the fee owed, the trial court may hold a hearing to liquidate the amount and determine the terms of an adequate security. See National Equip. Rental Ltd. v. Mercury Typesetting Co., 323 F.2d 784, 786-87 (2d Cir.1963).
In this case, the trial court's order deflated the retaining lien without making adequate provision for security for payment. The frozen assets are subject to the prior claim of the state. Nothing in the order isolated a portion of the frozen funds as collateral for an outstanding fee. Respondents have pledged no asset not subject to the injunction. Because the order releasing the files is a departure from the essential requirements of the law, we grant the petition for writ of certiorari and quash the April 4, 1996 order issued below.
GLICKSTEIN and WARNER, JJ., concur.