NORTHCUTT, Judge.
Endeavoring to collect its judgment against Ramona and Paul Boroff, The Bic Corporation garnished funds held in the professional association trust account of the Boroffs’ attorney, John Andrews. Over the objection of Andrews and the Boroffs, the circuit court awarded Bic a final judgment of garnishment. We reverse because Andrews held a retaining lien on the funds, and he was not indebted to the Boroffs.
The Boroffs engaged Andrews to pursue a personal injury action against Bic. They entered into a contingent fee contract which required them to reimburse Andrews for all costs and expenses incurred in the action regardless of the result. In the course of the litigation, Andrews advanced costs and expenses totaling approximately $20,000. Bic ultimately prevailed in the suit, and it obtained á costs judgment against the Boroffs.
Andrews then represented the Boroffs in another personal injury suit against defendants named Walker. Again, they executed a contingent fee contract under which the Boroffs were responsible for all associated costs and expenses. The Boroffs settled the Walker action for $7,593.25, of which $3,093.25 previously had been paid either to medical providers or to Ramona Boroff by State Farm Insurance Company. The balance of the settlement, totaling $4,500, was sent to Andrews and deposited in his trust account. Bic then garnished the trust account.
Andrews resisted the writ, alleging that he was not indebted to the Boroffs and asserting in the alternative that he was entitled to a setoff on several grounds. The circuit court rejected all of his assertions, except his claim to a retaining lien on the funds. But, although the court recognized that Andrews held a retaining lien, it limited the lien to the amount owed Andrews as a fee for services rendered in the Walker suit. The court declined to recognize Andrews’s right to a lien for costs and expenses he had advanced in either the Walker action or the previous litigation against Bic. Thus, of the $4,500 in the trust account, the court reserved $1,800 to Andrews and awarded the $2,700 balance to Bic.[1]
When determining that Andrews’s retaining lien excluded costs and expenses, the circuit court posited that there is a distinction between fees and costs, because the client remains liable to the attorney for costs advanced on her behalf. But, of course, a client is liable to her attorney for agreed-upon fees, as well. The rule as generally stated is that an attorney’s retaining lien attaches to all property of the client that comes into the attorney’s possession, to secure payment of all debts — including fees and costs — owed by the client to the attorney. See Wintter v. Fabber, 618 So.2d 375, 375 (Fla. 4th DCA 1993); Dowda and Fields, P.A. v. Cobb, 452 So.2d 1140, 1142 (Fla. 5th DCA 1984); Conroy v. Conroy, 392 So.2d 934, 935 n. 2 (Fla. 2d DCA 1980).
The rule does not differentiate between the two kinds of indebtedness. We see no reason why an attorney should be afforded this protection as to fees for services performed, but denied it for monies advanced *350 from the attorney’s own pocket for the client’s benefit.
In this case, the Boroffs’ indebtedness to Andrews far exceeded the settlement proceeds in his trust account. Therefore, Andrews’s retaining lien attached to the entire fund. In short, Andrews was not indebted to the Boroffs, and Bic was not entitled to the garnishment judgment.
The judgment under review is reversed with directions to enter judgment in favor of the garnishee.
ALTENBERND, A.C.J., and FULMER, J., concur.

. We note in passing that Andrews’s share was incorrectly calculated by applying his 40 per cent contingency to the $4,500 balance in the trust account. Actually, in the Walker action Andrews was entitled to a fee based on the entire recovery of $7,593.25.