866 So.2d 705 (2003)
Edward D. FOREMAN, individually, and Edward D. Foreman, P.A., Petitioner,
v.
Toni T. BEHR, Respondent.
No. 2D03-1533.
District Court of Appeal of Florida, Second District.
December 3, 2003.
*706 Jack Helinger, St. Petersburg, for Petitioner.
Michael C. Addison of Addison & Delano, P.A., Tampa, for Respondent.
KELLY, Judge.
Edward D. Foreman petitions for a writ of certiorari, requesting that this court quash the trial court's order requiring him to turn over files from his representation of Toni Behr in a prior divorce proceeding. The trial court's March 6, 2003, order requires Foreman to turn over Behr's files pursuant to a discovery request in a legal malpractice action against Foreman, despite his valid retaining lien on the file. Because Foreman has no adequate remedy on appeal and will be irreparably harmed if he were to lose his lien, we grant the petition and quash the order.
Behr originally retained Foreman in May 1997 when her husband advised her that he wished to terminate their marriage. Foreman represented Behr in the dissolution action until early September 1998. At that time, Behr learned that marital property in a securities account titled in her husband's name had been lost as a result of investments that were made in the account. Because Behr felt that Foreman had done nothing to attempt to protect her interest in the securities account during the fifteen months he had represented her, and for various other reasons, she filed a malpractice action against him. In December 1998, Foreman presented Behr with an invoice seeking payment of the balance of $7222.50 for work done in July, August, and September.
During discovery in the malpractice action, Behr sought production of Foreman's file from the dissolution action. In yet another action, Foreman sought and received a declaration that he had a valid retaining lien on Behr's file. Claiming that the retaining lien protected him from having to produce the office file, Foreman moved to stay discovery. In response, Behr moved to compel a response to her outstanding discovery, asking the court to order the release of Foreman's office file despite his retaining lien. Following a hearing, the trial court granted Behr's motion.
In his petition, Foreman argues that his valid retaining lien should not be disregarded simply because a client sought discovery in a suit against him. We agree. An attorney's retaining lien is a possessory interest in a client's papers and files that the attorney holds until his fee has been paid. Andrew Hall & Assocs. v. Ghanem, 679 So.2d 60 (Fla. 4th DCA 1996). Any requirement to produce the file would destroy the effectiveness of the lien. Wintter v. Fabber, 618 So.2d 375 (Fla. 4th DCA 1993). When a trial court is asked to order disclosure of an attorney's file that is subject to a valid retaining lien, it should not order the attorney to turn over the file until it has provided for the client's payment of delinquent fees or arranged for *707 the client to post adequate security for the outstanding balance due. Andrew Hall & Assocs., 679 So.2d at 61.
Only in rare cases will the files be released without payment or the furnishing of adequate security, such as when the lawyer's misconduct caused his withdrawal or when the client has an urgent need for the file to defend a criminal prosecution and lacks the means to pay the fee or post a bond. Id. at 377. Courts have also found an exception where the attorney has filed a counterclaim or an independent action seeking to collect the fee. See Fingar v. Braun & May Realty, Inc., 807 So.2d 202 (Fla. 4th DCA 2002) (holding that an attorney who brought an action against his client for fees was not entitled to the enforcement of a retaining lien to avoid discovery of the client's files).
None of these exceptions are applicable in this case. Foreman was fired, he did not withdraw, and he has not sought to collect his fee through the courts. Nor did Behr demonstrate any urgent need for documents. On the contrary, Behr acknowledges that she does not need the file in connection with the dissolution litigation, which is still pending, and that she already has copies of the pleadings filed in that case. She wants the file to determine whether Foreman possesses any documents that she does not already have. Accordingly, until such time that the fee dispute is settled, Foreman is entitled either to retain Behr's files, to receive payment for services rendered, or to receive a bond to protect his interest.
Because the trial court departed from the essential requirements of the law in ordering Foreman to comply with discovery without consideration of the retaining lien, we grant the petition for certiorari and quash the trial court's March 6, 2003, order.
Petition granted.
NORTHCUTT and DAVIS, JJ., Concur.