ROTHENBERG, J.
 

 Two Florida condominium associations, Briekell Place Condominium Association, Inc. and The Clipper Condominium Association, Inc. (collectively, “the Associations”), appeal the denial of their emergency motion for injunctive relief in which the Associations sought to obtain a copy of their case files being retained by their former
 
 *289
 
 counsel Ganguzza & Associates, P.A. (“the law firm”).
 

 As we find that the fee arrangement for collection and foreclosure matters was, in reality, a contingent fee arrangement and a law firm may not assert a retaining lien for fees owed in a contingency fee case until the contingency has occurred, we find that the retaining lien was unlawful.
 

 The record reflects that the Associations employed the law firm for twenty years to represent them in (1) litigation and general matters; and (2) collection and foreclosure matters.
 

 When Joseph H. Ganguzza, Esq., the law firm’s sole shareholder, died, the Associations terminated their relationship with the law firm, retained new counsel, and requested that the law firm transfer all of the Associations’ files to its new counsel. Instead, the law firm filed a retaining lien and refused to provide the Associations with a copy of their files unless the Associations paid the law firm for its services on the pending collection and foreclosure cases even though the delinquent unit owners had not brought their accounts current. The Associations filed the instant emergency motion for injunctive relief to obtain a copy of these files.
 

 At the hearing on the Associations’ motion, the Associations argued that for collection and foreclosure matters, the Associations and the law firm operated under a contingency fee arrangement. The Associations, therefore, claimed that the law firm, could only recover the reasonable value for its services, limited by the maximum contract fee, upon the successful occurrence of the contingency. Because the contingency upon which the services were based has not yet occurred (the collection of the delinquent unit owners’ fees), the law firm is not yet entitled to be paid for its services and the retaining lien filed by the law firm cannot be legally or ethically maintained. We agree.
 

 A retaining lien differs from a charging lien. A charging lien is placed on any monetary recovery due the client at the conclusion of the lawsuit.
 
 Andrew Hall & Assocs. v. Ghanem,
 
 679 So.2d 60, 61 (Fla. 4th DCA 1996); 7 Am.Jur.2d
 
 Atty’s at Law
 
 § 324 (1980). On the other hand, a retaining lien is a passive lien and rests entirely on the right of an attorney to retain possession of his client’s papers, money, securities, and files as security for payment of the fees and costs earned by the law firm to that point.
 
 Wintter v. Fabber,
 
 618 So.2d 375, 377 (Fla. 4th DCA 1993).
 

 It is well recognized, and the Associations do not dispute, that an attorney may file and maintain a retaining lien against a client or former client’s legal files until the lawyer’s fees have been paid or an adequate security for payment has been posted.
 
 Andrew Hall & Assocs.,
 
 679 So.2d at 61;
 
 Wintter,
 
 618 So.2d at 377.
 

 American courts, with few exceptions, have held that in cases where the client, not the attorney, terminates the relationship, the client cannot compel his former attorney to deliver up papers or documents in the attorney’s possession that are secured by a retaining lien.
 
 Wintter,
 
 618 So.2d at 377. The exceptions are where the client pays the fees due; the client furnishes adequate security for the payment which may be due or which is subsequently found to be due; there is a clear necessity in a criminal case and a defendant cannot post security; or a lawyer’s misconduct caused his withdrawal.
 
 Id.
 
 An additional exception is in contingency fee cases where the contingency has not occurred.
 
 See
 
 Fla. Bar Ethics Dep’t, Opinion 88-11 (Reconsideration) (1993) (holding that an attorney may not ethically
 
 *290
 
 assert a retaining lien for fees allegedly owed in a contingency fee case unless and until the contingency has occurred); Fla.
 
 Bar v. Doe,
 
 550 So.2d 1111, 1112 (Fla.1989).
 

 A contingency fee agreement is one in which the fee is made contingent on the outcome of the matter upon which the services are rendered. R. Regulating Fla. Bar 4-1.5(f)(l);
 
 see also Black’s Law Dictionary
 
 320 (6th ed. 1990) (defining a contingency contract as “[a] contract, part of performance of which at least is dependent on the happening of a contingency. Sometimes used to refer to fee arrangement with attorney who agrees to accept his fee on the contingency of a successful outcome”). The arrangement between the law firm and the Associations for the collection of delinquent unit owner fees falls directly within these definitions. The law firm did not bill for nor get paid for its services in collecting these delinquent fees unless and until it was successful in collecting the amount due from the unit owner.
 

 Rule 4-1.5, Rules Regulating the Florida Bar, requires that contingency fee arrangements be in writing. Agreements that fail to comply with the rule are void. Because the evidence reveals that the law firm was paid a flat fee for its services on collection matters if and when its collection efforts were successful, its fees were contingent on the outcome of the matter and the arrangement between the parties reflects that it was a contingency fee arrangement. An attorney or law firm may not assert a retaining lien for fees allegedly owed in a contingent fee case unless and until the contingency has occurred. Because the contingency has not occurred, the law firm could not assert a retaining lien for fees it contends it is owed on collection matters that were still pending when it was discharged. If the law firm believes it is owed money for services it rendered in the collection of delinquent unit owner fees, it may file a charging lien and is entitled to the reasonable value of its services on the basis of quantum meruit, limited by the contract flat fee the parties agreed to.
 
 See Rosenberg,
 
 409 So.2d at 1020-21 (adopting “the modified quantum meruit rule which limits recovery to the maximum amount of the contract fee in all premature discharge cases involving both fixed and contingency employment contracts”). Accordingly, we reverse the order denying the Associations’ emergency motion for injunctive relief seeking discharge of the law firm’s retaining lien. Our ruling is without prejudice to the law firm’s right to file a charging lien to protect its right to recover the reasonable value of its services.
 

 Reversed and remanded with instructions.