CRENSHAW, Judge.
 

 Donna LaVere-Alvaro appeals a judgment imposing a charging lien in favor of her former counsel, Syprett, Meshad, Res-nick, Lieb, Dumbaugh, Jones, Krotec & Westheimer, P.A. (Syprett), for attorney’s fees and costs incurred during its representation of LaVere-Alvaro in a dissolution of marriage action. The judgment also awarded Syprett a retaining lien on all of LaVere-Alvaro’s property in its possession. We find the trial court erred by entering the charging lien because it failed to determine whether Syprett provided services that produced a positive judgment or settlement for LaVere-Alvaro. Likewise, the entry of the retaining lien was premature because LaVere-Alvaro’s ownership interest in the property that Sy-prett sought to retain had not yet been established. Accordingly, we reverse the judgment and remand for further proceedings. We affirm the remainder of LaV-ere-Alvaro’s issues without discussion.
 

 “The charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that
 
 *1058
 
 particular suit.”
 
 Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom,
 
 428 So.2d 1383, 1384 (Fla.1983). In this instance, the trial court summarily determined that LaVere-Alvaro was obligated to pay for all services rendered by Syprett pursuant to a retainer agreement previously entered into by the parties. Yet, “ ‘[i]t is not enough to support the imposition of a charging lien that an attorney has provided his services; the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services.’ ”
 
 Mitchell v. Coleman,
 
 868 So.2d 639, 641 (Fla. 2d DCA 2004) (quoting
 
 Correa v. Christensen,
 
 780 So.2d 220, 220 (Fla. 5th DCA 2001)). Because the trial court failed to find that Syprett’s services benefitted LaVere-Alvaro, we find the trial court erred by imposing the charging lien.
 

 The trial court also erred by entering a retaining lien in favor of Syprett.
 
 [1]
 
 Because LaVere-Alvaro’s ownership interest in the property that Syprett sought to retain had yet to be determined, a retaining lien attaching the property was premature. Therefore, we reverse the judgment and remand for further proceedings.
 

 Affirmed in part, reversed in part, and remanded.
 

 NORTHCUTT and LaROSE, JJ., Concur.
 

 [1]
 

 . A retaining lien is an attorney’s possessory interest in a client's papers, money, securities, and files that attaches to secure the client's payment of the fees and costs earned by the attorney to that point.
 
 See Foreman v. Behr,
 
 866 So.2d 705, 706 (Fla. 2d DCA 2003);
 
 Boroff v. Bic Corp.,
 
 718 So.2d 348, 349 (Fla. 2d DCA 1998);
 
 Brickell Place Condo Ass'n v. Joseph H. Ganguzza & Assocs., P.A.,
 
 31 So.3d 287, 289 (Fla. 3d DCA 2010).