EMAS, J.
Petitioners, Sandy T. Fox, Esquire, and Sandy T. Fox, P.A., filed a petition for writ 'of certiorari following the trial court’s sua sponte order directing Sandy T. Fox, Esquire to produce all discovery and mandatory disclosure documents contained in his (and his law firm’s) files, and which were acquired in the course of representing his former client. For the reasons that follow, we issue the writ and quash the’ trial court’s order.
Petitioners were retained to represent Tommy Widjaya, in a dissolution action between Widjaya and his wife Maria Guerra-Perez. ’ Widjaya entered into a retainer agreement in which he expressly agreed Petitioners would “have a retaining hen on your entire file, including evidentiary documents, property or any other thing of value of yours in our possession to secure the payment of all sums due to us from you under the terms of this agreement.”
Several months later, on September 9, 2013, Petitioners moved to withdraw from further representation due to irreconcilable differences, including Widjaya’s fail *28 ure to pay Petitioners’ attorney’s fees. Simultaneous with the filing of their motion to withdraw, Petitioners filed a notice and claim of ■ a retaining lien. At a status conference 'held on October-3, 2018,[1] the trial court sua sponte ordered Sandy -T. Fox, Esquire to “provide all discovery and mandatory disclosure in his possession, by Monday, October 7. 2013 to [Widjaya’s] new counsel, Ayesa Phillips, Esq.”
Upon receiving a copy of the trial court’s sua sponte order, Petitioners filed this petition. Respondent Guerra-Perez filed a response, conceding that the trial court entered its sua sponte order without a motion or notice of hearing to Petitioners. Guerra-Perez further concedes that the trial court denied Petitioners due process and disregarded the retaining lien which was imposed pursuant to the agreement entered into by Widjaya. Respondent Widjaya filed a response acknowledging that no motion was filed seeking an order compelling these documents, no hearing was set for this purpose, and no notice was sent to petitioners. Widjaya contends, however, that the petition should be denied because Petitioners “have other avenues of recourse that can and have been exercised in order to ensure payment of attorney’s fees allegedly owed without materially prejudicing its former client, such as a charging-lien and/or a separate civil suit.”
It is undisputed that Petitioners established a valid retaining lien in this matter. As a result, Petitioners may properly maintain this retaining lien over the former client’s file until the legal fees have been paid or an adequate security for payment has been posted. Brickell Place Condo. Ass’n, Inc. v. Joseph H. Ganguzza & Assocs., P.A., 31 So.3d 287 (Fla. 3d DCA 2010); Andrew Hall & Assocs. v. Ghanem, 679 So.2d 60, 61 (Fla. 4th DCA 1996).[2] Widjaya’s argument—that Petitioners have “other avenues of recourse... to ensure payment of attorney’s fees”—falls short. As the Fourth District observed:
[T]he right to retain the papers is valuable to the attorney in proportion as denial of access to them causes inconvenience to the client. Where the client or someone representing him has a pressing necessity for them, the court will order them delivered up upon condition that the fee be paid or security given for such sum as may be found to be due .... The attorney’s lien cannot be disregarded merely because the pressure it is supposed to exert becomes effective.
Wintter v. Fabber, 618 So.2d 375, 377 (Fla. 4th DCA 1993) (quoting In re San Juan Gold Inc., 96 F.2d 60 (2d Cir.1938)). Absent rare circumstances not present in this case, the retaining lien may not be impaired by the client securing an order compelling their production.[3] Ghanem, 679 So.2d at 62. An attorney with a valid retaining lien is not required to pursue “other avenues of recourse.” Rather,
the erstwhile client is entitled to delivery of his papers or other property subject to the lien only if he pays the *29 amount due or secures the payment thereof. To do otherwise, as the jurisprudence points out, nullifies the effect and purpose of the lien.
Wintter, 618 So.2d at 376.
We conclude that the trial court, by entering this order sua sponte, without notice to Petitioners, and in disregard of Petitioners’ valid retaining lien, departed from the essential requirements of law. Ghanem, 679 So.2d at 62; Wintter, 618 So.2d at 377. The order, if complied with, would cause irreparable harm by nullifying Petitioners’ retaining lien, warranting cer-tiorari relief. Shelowitz, Shelowitz, Terrell & Coffey, P.A. v. Peters, 931 So.2d 1059 (Fla. 4th DCA 2006).
Petition granted. Writ issued. The order of October 3, 2013 is quashed, and this cause remanded for further proceedings consistent with this opinion.

. Although Widjaya had retained new counsel, the trial court had not yet entered an order on Petitioners’ motion to withdraw. Furthermore, Petitioners were not notified of the October 3rd status conference and were not in attendance when the trial court entered its sua sponte order.

. While there are limited exceptions to this rule, see Ghanem, 679 So.2d at 62; Wintter, 618 So.2d at 377, none appears from this record to be applicable to the instant case.

.It matters not that the order compelled the production of the documents to successor - counsel, rather than to the client himself. The retaining lien extends to the client’s agents and representatives, including successor counsel. Ghanem, 679 So.2d at 62.