DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**HOWARD K. HEIMS, ESQ.** and **LITTMAN, SHERLOCK & HEIMS, P.A.,**
Petitioners,

v.

**G.M.S. MARINE SERVICE CORP., JBM ENTERPRISE,** and **JAMES MILLS,**
Respondents.

No. 4D14-673

[August 13, 2014]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale Ross, Judge; L.T. Case No. 09014171 (08).

Howard K. Heims and Virginia P. Sherlock of Littman, Sherlock & Heims, P.A., Stuart, pro se.

Robert L. Jennings of Jennings & Valancy, P.A., Stuart, for respondent James Mills.

PER CURIAM.

Former counsel, Howard Heims and Litman, Sherlock & Heims, P.A., petition for certiorari review of a *sua sponte* order requiring them to allow successor counsel to inspect and copy documents in Heims' client file. We grant the petition and quash the trial court's order.

Petitioners have asserted a retaining lien over the file and refused to provide records until the client pays its bill. In ruling on a discovery matter between the parties, the court *sua sponte* ordered former counsel to make its file available for inspection and copying, but provided its retaining lien would be preserved. Former counsel did not receive the discovery motions or notice of the hearing before the court issued its order.

Contrary to respondents' argument, a motion for rehearing would not have cured the due process violation. *See Epps v. State*, 941 So. 2d 1206, 1207 (Fla. 4th DCA 2006).

We agree with petitioners that requiring disclosure of their file would render the retaining lien meaningless. Moreover, this is not one of the rare cases that warrant disclosure of counsel's file without payment of counsel's fee or security. *See Foreman v. Behr*, 866 So. 2d 705, 707 (Fla. 2d DCA 2003).

The order in this case departs from the essential requirements of law and causes material harm that cannot be remedied on appeal because the value of the retaining lien will be lost and because petitioners are not parties to the underlying action. *Shelowitz, Shelowitz, Terrell & Coffy, P.A. v. Peters*, 931 So. 2d 1059 (Fla. 4th DCA 2006); *Andrew Hall & Assocs. v. Ghanem*, 679 So. 2d 60 (Fla. 4th DCA 1996); *Wintter v. Fabber*, 618 So. 2d 375 (Fla. 4th DCA 1993); *see also Fox v. Widjaya*, 38 Fla. L. Weekly D2287 (Fla. 3d DCA Nov. 6, 2013).

Accordingly, we grant the petition and quash the trial court's order.

DAMOORGIAN, C.J., STEVENSON and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2