# Third District Court of Appeal

## State of Florida

Opinion filed August 5, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1109
Lower Tribunal No. 15-8161
_____

**Conde & Cohen, P.L.,**
Petitioner,

vs.

**Grandview Palace Condominium Association, Inc.,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Conde & Cohen, P.L., and Aaron R. Cohen, (Ft. Lauderdale), for petitioner.

Ehrenstein Charbonneau Calderin, and Christopher B. Spuches, for respondent.


Before WELLS, SHEPHERD and SALTER, JJ.

WELLS, Judge.

Conde & Cohen, P.L., petitions this court for certiorari relief from an order requiring it to grant former client Grandview Palace Condominium Association, Inc. immediate access to the law firm's files in five cases. Because the order departs from the essential requirements of the law and will cause irreparable harm by nullifying the law firm's retaining liens we grant the petition and quash the order on review.

The law firm was retained by the association over a period of years to represent it in a number of matters. Following a change in the association's board of directors, new counsel was retained to represent the association. Upon learning of this action, the law firm asserted retaining liens in five matters: Grandview v. James Edwards et al., circuit court case number 09-17541-CA-01; Grandview v. First Equitable Realty III, Ltd., circuit court case number 13-2273-CA-01; Grandview v. TSTH LLC, circuit court case number 13-35544-CA-01; Grandview v. Rainbow Investment Group, circuit court case number 14-26388-CA-01; and Grandview v. First Equitable Realty III, Ltd., circuit court case number 14-283-CA-01. Unable to convince the law firm to release its files in these five cases, the association filed an action seeking injunctive relief and a declaration that the law firm's contingency fee agreements were unenforceable; that the law firm's retaining liens were invalid; and that the association's new counsel should be allowed to copy the law firm's files. Simultaneous with the filing of this action,

the association filed a motion to quash the law firm's retaining liens and for immediate access to the law firm's files asserting as support the same allegations asserted in its complaint. Following a five minute motion calendar hearing at which no testimony was taken and during which the parties disputed that the law firm had been paid, the court below entered an order granting immediate access to all of the files being held by the firm.

It is well established that in this state an attorney has a right to a retaining lien on all of the client's property in the attorney's possession, whether related to only one specific matter, until the attorney is paid:

> In Florida an attorney has a right to a retaining lien upon all of the client's property in the attorney's possession . . . . Unlike a charging lien, a retaining lien covers the balance due for all legal work done on behalf of the client regardless of whether the property is related to the matter [in which the property is held].

Daniel Mones, P.A. v. Smith, 486 So. 2d 559, 561 (Fla. 1986) (citation omitted); see also Leiby Taylor Stearns Linkhorst & Roberts, P.A. v. Wedgewood Air Conditioning, Inc., 801 So. 2d 127,129 (Fla. 4th DCA 2001) (same); Andrew Hall & Associates v. Ghanem, 679 So. 2d 60, 62 (Fla. 4th DCA 1996) ("The lien may not be impaired by the client securing the right to inspect and copy the papers or compelling their production by subpoena.").

As this court in Fox v. Widjaya, 38 Fla. L. Weekly D2287 (Fla. 3d DCA Nov. 6, 2013), confirmed, where a valid retaining lien has been asserted, the

3

attorney asserting it may retain the property subject to the lien until that attorney either has been paid, or, if the client can demonstrate a pressing need for the property, until adequate security for the payment has been posted.

In this case, no determination has been made as to the validity of any of the law firm's retainer agreements; no determination has been made as to the validity as to the law firm's retaining liens; and no determination has been made as to whether the law firm has been paid. Certainly, absent such determinations, no order compelling the law firm to hand over its files may be entered without the requisite showing of pressing necessity and the posting of adequate security. Anything less amounts to a departure from the essential requirements of the law which will cause irreparable harm by nullifying the law firm's retaining liens.

Petition granted. Writ issued. The order dated April 30, 2015 is quashed and this cause remanded for further proceedings consistent with this opinion.